## GOTTLIEB *v.* THATCHER.

*(Circuit Court of Appeals, Eighth Circuit. July 5, 1892.)*

**1. LIMITATION OF ACTIONS—COLOR OF TITLE—WHAT CONSTITUTES.**

A landowner gave a trust deed to secure her promissory note. In an action by a third person against the payee, the note was levied on and sold, the third person becoming the purchaser. He then demanded payment of the maker, which was refused, and he notified her that he would have the land sold under the trust deed, to which she assented. Before such sale, however, she made a direct conveyance to the payee for an expressed consideration equal to the face of the note. The land was afterwards sold by the trustee, and was purchased by the third person, who received a deed conveying on its face the full legal title. *Held,* that irrespective of the question whether the sales of the note and of the land, respectively, were valid in law, this deed was sufficient to give color of title, and, being accompanied with payment of taxes, in good faith, for more than five years, was sufficient to confer absolute title, under the Colorado statute of limitations relating to unoccupied lands. Gen. St. 1883, § 2187.

**2. SAME—GOOD FAITH.**

The fact that the third person took the advice of counsel, and was advised that the note was subject to levy, and that, having purchased the same, he evidently believed that he had a right to cause the land to be sold for its satisfaction, was sufficient to show that in paying the taxes he relied on color of title obtained in good faith.

In Error to the Circuit Court of the United States for the District of Colorado. Reversed.

*E. T. Wells, R. T. McNeal,* and *John G. Taylor,* for plaintiff in error.

*J. Warner Mills, V. D. Markham,* and *H. C. Dillon,* for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge

SHIRAS, District Judge. The defendant in error, Lewis C. Thatcher, brought this action in the district court of Arapahoe county, Colo., for the purpose of determining the title and right of possession to 20 acres of unoccupied land situated in said county and state; and the defendant in the action, Joseph Gottlieb, being a citizen of the state of California, removed the same into the circuit court of the United States for the district of Colorado, where the cause was tried before the court, a jury being waived. Among other defenses, the defendant pleaded that under color of title by him held in good faith he had paid all taxes assessed upon the land for a period in excess of five years before the institution of this suit, and therefore, under the statutes of the state of Colorado, he had become the owner thereof. The court found the facts to be as follows:

"(1) That the title to the property in question was, at and before the 1st day of January, 1874, in Annie C. McCormick. (2) That on January 1, 1874, said Annie C. McCormick and Isaac L. McCormick conveyed the said property to David H. Moffatt, Jr., in trust to secure to Samuel H. Thatcher the payment of a promissory note of said Annie C. McCormick for thirteen hundred and fifty dollars, ($1,350,) payable two years after date, with interest at twenty per cent. per annum, which said instrument was in the usual form of deeds used in Colorado for the security of money. (3) That said note was indorsed in blank by said Samuel H. Thatcher, and by him pledged to and left with Gray and Eicholtz some time prior to September, 1877, to secure a loan

by them made to him for the sum of one thousand dollars, ($1,000.)   (4) That November 25, 1876, the defendant herein began an action in the district court of Arapahoe county, Colo., against Samuel H. Thatcher, to recover on a promissory note for twenty-seven hundred dollars, ($2,700,) dated November 18, 1875, payable one year after date to the order of Joseph Gottlieb, with, interest at the rate of five per cent. per month from date until paid, interest due and payable monthly, and signed by Zella Glenmore and Samuel H. Thatcher; that on the said November 25, 1876, an attachment issued in said action, and garnishee process was thereupon served upon the said Gray and Eicholtz and upon the said Annie C. McCormick, requesting them and each of them to appear at the April term of said court; that no judgment was ever entered against them or any of them as garnishees in the said action in the said district court.   (5) That while said note was so in the possession of said Gray and Eicholtz, and long after the maturity thereof, the defendant paid them a balance claimed to be due upon the loan secured thereby of twenty dollars, ($20,) and obtained the possession of the said note from them, and thereupon had the same taken in execution on a judgment in the district court of Arapahoe county in his favor against the said Samuel H. Thatcher, and the same was by the sheriff thereupon advertised for sale in the manner and for the time prescribed by statute for advertising and selling personal property under execution, and was afterwards sold under said execution on the 19th day of September, 1877, and the same was bid in by the defendant for the sum of eighty dollars, ($80,) he being the highest and best bidder therefor.   (6) That, before having his execution levied on said note, the defendant took advice of his counsel as to whether the same was subject to levy and sale under execution, and was advised that it was so subject.   (7) That after so bidding in said note, and before requesting the said trustee to sell the premises in question to satisfy the same, he presented said note to the maker, Mrs. McCormick, for payment, and payment was not made; and he thereupon advised her that the property in question would be sold by the trustee to satisfy the same, and she assented thereto.   (8) That on the 5th day of February, 1878, the premises in question were conveyed by said Annie C. McCormick, by the name of Annie C. Ladd, and Isaac L. McCormick to the plaintiff, Lewis C. Thatcher, for the consideration of thirteen hundred and fifty dollars, ($1,350,) which was the amount of the promissory note of the grantor to said Samuel H. Thatcher; that said Samuel H. Thatcher was a brother of this plaintiff, and he died on or about the 10th day of February, 1879, and left surviving him as his only heir the plaintiff herein, Lewis C. Thatcher, and at all times mentioned herein this plaintiff was the only heir apparent of the said Samuel H. Thatcher; and the said conveyance of February 5, 1878, which was a warranty deed, was made, executed, and delivered by the said grantors to the said grantee, at the request of said Samuel H. Thatcher, for the purpose of paying off the above-mentioned promissory note of thirteen hundred and fifty dollars, ($1,350,) and thereby discharging or foreclosing the said deed of trust securing the same; that the said promissory note was then overdue for more than four years, and defendant had not acquired any right before maturity to defeat the said purpose, and the said note was accordingly so paid off and the said trust deed rendered null and void.   (9) That the said trustee, David Moffatt, Jr., after being requested by defendant so to do, advertised and exposed for sale said premises according to the provisions of said trust deed, to satisfy the said note, and at such sale on January 10, 1879, the said defendant bid in the said premises at the price of sixteen hundred dollars, ($1,600,) in satisfaction of the amount due on said note so held by him, he being the highest and best bidder for said premises, and thereupon received a conveyance thereof from said trustee.   (10) That said premises have, ever since said sale, been vacant and unoccupied.   (11) That for every year, from the time of

the conveyance by said trustee to defendant to the institution of this suit, taxes were assessed against and levied upon the premises in question, and on the 1st day of April, 1879, defendant paid all the taxes levied against said property for the previous year, and has annually paid all taxes against the same from that time to the institution of this suit, a period of eleven years, claiming to be the owner thereof."

A number of questions of law have been discussed by counsel which we do not deem it necessary to consider, as in our judgment the plea of the state statute is sustained by the evidence in this case. The statute of Colorado (Gen. St. 1883, § 2187) provides that—

"Whenever a person having color of title, either by pre-emption or otherwise, as aforesaid, made in good faith, to vacant or unoccupied lands or mining claims, shall pay all taxes legally assessed thereon, or for improvements situate thereon, for five successive years, then he shall be deemed and adjudged to be the legal owner of said vacant and unoccupied lands or mining claims, to the extent and according to the purport of his or her paper title."

The finding of facts made by the trial court shows that Gottlieb, claiming to be the owner of the land in dispute, had paid the taxes assessed upon the same for a period of 11 years before the bringing of this action, and therefore, if his claim to be the owner of the land was made in good faith under color of title, he is entitled to the benefit of the statute. From the findings of fact it appears that Annie C. McCormick was originally the owner of the property, and that she executed, in January, 1874, a trust deed thereof to David H. Moffatt, Jr., for the purpose of securing payment of a promissory note for $1,350. This note came into possession of Gottlieb, and by his direction the trustee advertised the premises for sale according to the provisions of the deed to him, and at the sale Gottlieb became the purchaser, receiving a deed thereof, which, upon its face, conveyed the full title of the land to him. Whether in fact the full legal title did not pass to him by the deed thus executed is one of the disputed questions in the case which we shall not consider, but we are clearly of the opinion that thereby a color of title was created in Gottlieb within the meaning of the statute of Colorado, and the only remaining question is whether the same was "made in good faith," as required by the statute.

Counsel, in argument, have discussed many matters which it is claimed tend to show extortion and bad faith on the part of Gottlieb in his dealings with Zella Glenmore and Samuel H. Thatcher, but we cannot give weight to such suggestion, for, in considering this question, this court is limited to the facts as found by the trial court; and all that is therein found on this point, briefly stated, is that Gottlieb held a note for $2,700, executed by Zella Glenmore and Samuel H. Thatcher, upon which he brought an action in 1876 against Thatcher in the district court of Arapahoe county, Colo., aided by an attachment which was served by garnishing Gray and Eicholtz and Annie C. McCormick. Certainly there is nothing in this finding which impugns the validity of this note or the good faith of Gottlieb in seeking to collect it by judicial proceedings. Having obtained judgment thereon against Samuel H. Thatcher, he issued execution and caused the same to be levied on the

note of Annie C. McCormick, of which he had obtained possession from Gray and Eicholtz. When this levy was made the note was the property of the judgment debtor, and certainly it cannot be said that Gottlieb was acting in bad faith in seeking satisfaction of his debt out of property belonging to his debtor. Whether the note could be levied on and sold so as to convey title thereto was a legal question upon which he sought and followed the advice of counsel. Evidently believing that he had become the lawful owner of the note in question, he presented the same for payment to the maker, and, failing to get the money due thereon, he notified her that the property conveyed by her to secure the note would be sold by the trustee under the provisions of the deed executed by her, to which she assented. The trustee subsequently advertised the property, and sold the same at public sale, Gottlieb becoming the purchaser; and, upon the execution of the deed to him by the trustee, he paid all the taxes then assessed against the property, and has continued to pay them from that date to the present time. There is nothing in the other facts found by the trial court which impugns the good faith of Gottlieb in taking a deed from the trustee in pursuance of the purchase made by him. Even if it be true that the conveyance made by Annie C. McCormick to Lewis Thatcher terminated the right of the trustee to sell the property, as was held by the trial court,—a question upon which we express no opinion,—it is nevertheless entirely clear that Gottlieb relied upon the advice given him by counsel that the note secured by the trust deed could be lawfully levied upon and sold under execution, and believed that the purchase of the note gave him the right to subject the land to sale for the purpose of paying the debt evidenced thereby. In our judgment, the facts found justify but the one conclusion, and that is that, in paying the taxes upon the land since 1879, Gottlieb was clearly acting under color of title obtained in good faith, and has thus become entitled to the land under the provisions of the statute of Colorado, already cited, and the circuit court erred in holding to the contrary.

The judgment of the trial court is therefore reversed, at cost of defendant in error, and the case is remanded, with instructions to enter judgment for the defendant.