## WHAT CHEER COAL CO. v. JOHNSON.

(Circuit Court of Appeals, Eighth Circuit. June 26, 1893.)

### No. 220.

1. **MASTER AND SERVANT—FELLOW SERVANTS—MINE FOREMAN AND LABORER.**
   A "foreman" in a coal mine, whose duty it is to direct 10 or 12 men what work to do, and to prop the roofs of rooms with timber; to inspect them, and to see if they are safe; and to drill holes in the face of the rooms, charge them with powder, and fire them,—but who is subject to the orders of the pit boss, and the superintendent, is the fellow servant of a laborer under his direction, who is injured in performance of his duty of shoveling and removing coal and dirt, and assisting the foreman in his work. Railroad Co. v. Baugh, 13 Sup. Ct. Rep. 914, followed.

2. **TRIAL—ERRONEOUS INSTRUCTIONS—PROVINCE OF JURY.**
   When the trial court submits to the jury the question whether one who is in law a fellow servant of plaintiff, and whose negligence caused plaintiff's injury, is a vice principal, and the jury finds generally for plaintiff, the judgment should be reversed on writ of error, although the verdict might have been justified on other grounds if the instruction had not been given.

3. **OBJECTIONS TO INSTRUCTIONS—SUFFICIENCY.**
   Where a trial judge, in a part of his charge, erroneously submits to the jury the question whether defendant's negligent agent is a vice principal, or a fellow servant with plaintiff, an exception is sufficient which is taken to that paragraph of the charge treating most extensively of this subject, "because said instruction does not properly state the rule whereby it is to be determined whether an employe is a coemploye or fellow servant, said instruction going much further, as to the liability of an employer for acts of coemployes, than the law justifies," in connection with a further exception,—that, at the time of the alleged injury, plaintiff was a coemploye with the man whose negligence caused the injury.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

At Law. Action by Charles A. Johnson against the What Cheer Coal Company for negligence resulting in plaintiff's injury. Judgment was given for plaintiff. Defendant brings error. Reversed.

James C. Davis, (C. H. Mackey, on the brief,) for plaintiff in error.

John W. Arctander, (Craig, McCrary & Craig, on the brief,) for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge.    On October 19, 1889, Charles A. Johnson, the defendant in error,—hereafter called the plaintiff,—was injured by the fall of a portion of the roof of a room in a mine of the What Cheer Coal Company, the plaintiff in error.    At the time of his injury he was an employe of the coal company, and was engaged with one Ford, another employe of the company, in preparing a place to set a drilling machine that was used to bore holes in the face of the room in which he was working.    In order to set this machine, it was necessary to make a hole in the floor of the room for the foot of the machine, and another in the roof of the room for the head of the machine, which it was necessary to fasten there with a pin and screw.    Ford directed the plaintiff to dig the hole in the floor, and, while he was proceeding to do so, struck the top of the room with a pick to make the necessary hole there, and this blow was followed by the fall upon the plaintiff of a solid mass of earth and stones, that caused his injury.    The plaintiff was about 20 years old.    Ford had the authority from the pit boss to direct 10 or 12 men, one of whom was the plaintiff, (who were engaged in this and an adjoining room,) where to work, and what to do.    It was also his duty to prop the roofs of the rooms with timber; to sound and inspect them so that they would be safe; to drill the holes in the face of the rooms, charge them with powder, and fire them, at the proper times, to knock down the coal.    It was the duty of the plaintiff and his companions in those rooms to shovel and remove the coal and dirt, and to assist Ford in any of the work in which he was engaged, as he directed. Ford's title was "foreman," but he had no authority to hire or discharge men for the defendant.    There were 75 or 80 men at work in the shaft which communicated with this room.    John Bousted was the pit boss, and the immediate superior of Ford.    He had authority from the superintendent to direct the work of the 75 men in this shaft, and spent all his working hours in the mine, examining the various rooms to see that they were safe, and directing the course of the work.    One Trescott was the superintendent of the mine and Bousted's immediate superior.    He hired and discharged the men, and performed the usual duties of a superintendent.    The plaintiff charged that his injury resulted from the negligence of the defendant.    There was a verdict and judgment for the plaintiff, and this writ of error was sued out to reverse it.

The court charged the jury that if Ford was the vice principal, and his negligence caused the injury, the plaintiff was entitled to recover, unless the plaintiff's negligence contributed to his injury; that whether Ford was such vice principal or not was a question for

them to determine from the evidence; that if the power of control, management, and direction, as to the men engaged in the work in the rooms under his charge, had been conferred upon Ford, and the duty of obedience to him exacted from the plaintiff and the other eight or nine men there employed, he was the vice principal of the defendant, whether he had a thousand men or ten men under him, and whether he had charge of the entire mine, or only a single entry or room in a mine.

Under the late decision of the supreme court in Railroad Co. v. Baugh, 13 Sup. Ct. Rep. 914, this was error. In that case a fireman was injured by the carelessness of an engineer on the same engine, who, under the rules of the company, was "regarded as conductor," had control and direction of his engine and of his fellow servant, the fireman upon it, and who acted accordingly. This engineer ran his engine over the railroad in disregard of his orders, and caused a collision, in which his fireman was injured. The circuit court, in its charge to the jury, gave this instruction:

"If the injury results from negligence or carelessness on the part of one so placed in authority over the employe of the company who is injured as to direct and control that employe, then the company is liable."

The supreme court held this charge to be error, declared that the engineer and fireman were fellow servants, and reversed the judgment. A single extract from the opinion of the court, delivered by Mr. Justice Brewer, will demonstrate the mistake of the court below. He said:

"The truth is, the various employes of one of these large corporations are not graded like steps in a staircase, those on each step being, as to those on the step below, in the relation of masters, and not of fellow servants, and only those on the same steps fellow servants, because not subject to any control by one over the other. Prima facie, all who enter into the employ of a single master are engaged in a common service, and are fellow servants, and some other line of demarcation than that of control must exist, to destroy the relation of fellow servants."

Ford was one of 6 or 8 foremen, each of whom had the direction of the work of 8 or 10 men, and at the same time worked with them in the common employment of mining. All of these foremen were controlled by the pit boss, who directed the work underground for this corporation; and this boss was, in turn, subject to the direction and control of the superintendent, who seems to have been the general manager of the corporation. There were no distinct or separate departments in the operations of this defendant, but the work of the pit boss, the foremen, and the men who worked with them, was homogeneous, and all directed to the common purpose of extracting the coal from the earth. Under the rule laid down in Railroad Co. v. Baugh, supra, it is only the directors of the corporation, or the general superintendent, in whose hands they place the entire management of the corporation, that can be held to be vice principals, in a case of this kind, where there is no division of the business of the corporation into distinct departments, and the court below should have instructed the jury

that the foreman Ford was not a vice principal of the defendant, but a fellow servant of the plaintiff.

It is, however, contended that this error was not prejudicial to the defendant, because there was evidence tending to prove various acts of negligence for which the defendant was liable, if this foreman was not a vice principal. The fact is that, upon the trial, issue was fairly joined upon four charges of negligence, and upon each of these issues the evidence was so conflicting that the jury might have found either way upon either of the issues. They were:

(1) That Ford was a notoriously careless man, whose unfitness for his position the defendant must have been aware of before the accident, and that his negligence caused the injury.

(2) That plaintiff was a minor, and ignorant of the danger from such a roof as that which fell, but defendant was aware of it, and of plaintiff's ignorance, yet gave him no warning of the danger.

(3) That the defendant did not use ordinary care to provide a safe place for the plaintiff to work in, because Ford, on whom it imposed that duty, did not properly prop with timbers, remove loosened stones and earth from, or sound and inspect, the roof of the room where the accident happened.

(4) That Ford's negligence in picking at the roof to prepare a place to set the drilling machine, while the plaintiff was shoveling on the floor beneath for the same purpose, caused the injury.

Conceding that the jury might properly have found the defendant liable here on either the 1st, 2d, or 3d of these issues, even if Ford was a fellow servant, the fact still remains that they may have found in defendant's favor upon each of these issues, and have based their verdict solely upon the 4th issue; and, if so, that verdict was wrong. The act of Ford in picking at the roof while the plaintiff was shoveling upon the floor was clearly his personal act,—the act of the fellow servant of the plaintiff,—for which the defendant was in no way responsible. The risk of this act of negligence was one of the risks which the plaintiff voluntarily assumed when he entered upon his employment; and as the court erroneously instructed the jury that the defendant was liable for this act, if it was a negligent act, and if Ford was a vice principal, we cannot say that the verdict was not affected by this error. The verdict was general, and its generality prevents us from discovering upon which of these acts of negligence charged it was founded. A general verdict cannot be upheld where there are several issues tried, and upon any one of them error is committed, in the admission or rejection of evidence, or in the charge of the court, because it may be that the jury founded their verdict upon the very issue to which the erroneous ruling related, and that they were controlled in their finding by that ruling. State of Maryland v. Baldwin, 112 U. S. 490, 492, 5 Sup. Ct. Rep. 278.

It is contended that the erroneous instruction of the court was not properly excepted to; and the rule is invoked that where an

exception is taken indiscriminately to a portion of the charge, embracing several distinct propositions, some of which are sound, and the attention of the court is not specifically called to the erroneous instruction, the appellate court will not notice it. Price v. Pankhurst, 3 C. C. A. 551, 53 Fed. Rep. 312, and cases cited. The purpose of this rule is to require the party excepting to call the attention of the trial court sharply to the parts of the charge he complains of, before the jury retires, to the end that the court may then have an opportunity to explain, modify, or correct its charge, if an error has been inadvertently committed. The case at bar does not fall under the ban of this rule. The charge of the court occupies more than 12 closely-printed pages of the transcript, and on 4 of these pages we find instructions referring to the liability of the defendant for the acts of Ford, as its vice principal. Before the jury retired, the defendant excepted in the words below to that paragraph of the charge which treats at greatest length of the distinction between a fellow servant and a vice principal, viz.:

"Because said instruction does not properly state the rule whereby it is to be determined whether an employe is a coemploye or fellow servant; said instruction going much further, as to the liability of an employer for acts of coemployes, than the law justifies. Defendant further excepted to said instruction for the reason that, upon the undisputed evidence, at the time plaintiff received his alleged injury, plaintiff and Ford were coemployes of defendant."

This was a fair compliance with the rule. In taking an exception to the charge of the court on a particular proposition, it is not necessary to segregate the remarks of the court on that subject from all other portions of the charge, and except to the very words of the judge. It is sufficient if the proposition complained of, and the ground of complaint, are clearly called to the attention of the court.

We have lately had occasion, in Manufacturing Co. v. Erickson, (decided May 1, 1893,) 55 Fed. Rep. 943, to consider some of the rules of law governing the relation of a master to a servant who is a minor; and as this case must be retried a reference to that decision is, in our opinion, sufficient upon that branch of this case.

A short charge, which clearly states the rules of law applicable to the issues, and sharply presents the questions of fact the jury are to determine, is desirable in every jury trial. Extended explanations of the reasons or purposes of the established rules that must govern the case, or arguments in their support, tend to confuse, rather than to assist, a jury. The jury are governed by the law announced by the court, and the more clearly, simply, and concisely it is presented to them, the more readily they understand, remember, and follow it.

The judgment below is reversed, with costs, and the cause remanded, with directions to grant a new trial.