BALCH et al. v. HAAS.

(Circuit Court of Appeals, Eighth Circuit. April 13, 1896.)

No. 710.

1. APPEAL—DECISION ON FORMER APPEAL—BINDING EFFECT.

On a second writ of error an appellate court is bound by its prior decision only upon points distinctly made and determined, and not upon points which might have been, but were not, raised.

2. SAME—DIFFERENT STATE OF EVIDENCE.

The rule that an appellate court is bound by its decision on a former appeal in the same case is not applicable where the point decided was de-

pendent on the evidence, and on the second trial the evidence is different in a material respect.

3. MASTER AND SERVANT—FELLOW SERVANTS—FOREMAN OF STREET LABORERS.
Where a firm of general contractors had taken a contract to grade a street, and had two gangs of laborers at work thereon, each under the charge of a foreman having no control over the other, but having power to hire and discharge his own men and control their operations, *held*, that the foreman of one gang was a fellow servant of the laborers under him, so that the master was not liable for an injury caused to one of them by his negligence.

4. SAME.
The rule announced in Railroad Co. v. Baugh, 13 Sup. Ct. 914, 149 U. S. 368, and in City of Minneapolis v. Lundin, 7 C. C. A. 344, 58 Fed. 525, restated, that, prima facie, all who enter into the employ of a single master are engaged in a common service, and are fellow servants; and that the master is only liable for the negligent performance of his personal duties, by whomsoever performed, and for the negligent acts of an employé whom he has intrusted with the entire management and supervision of all of his business, or with the entire management and supervision of a distinct and separate department of a large and diversified business.

In Error to the Circuit Court of the United States for the District of Minnesota.

This was an action at law by Julius Haas against Foster L. Balch and Henry E. Wetherbee to recover damages for personal injuries. There was a judgment for plaintiff on the verdict of a jury, and defendants brought error.

Frank B. Kellogg (C. K. Davis, C. A. Severance, Arthur M. Keith, R. G. Evans, Charles T. Thompson, and Edward K. Fairchild were with him on the brief), for plaintiffs in error.

N. M. Thygeson (M. D. Munn, J. M. Gilman, and A. E. Boyesen were with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This case was before us at a previous term on a writ of error that was sued out by Julius Haas, the present defendant in error, who was the plaintiff in the circuit court. Haas v. Balch, 12 U. S. App. 534, 6 C. C. A. 201, and 56 Fed. 984. A full statement of the case will be found in our former opinion. On the second trial in the circuit court, Haas recovered a judgment against the present plaintiffs in error, Foster L. Balch and Henry E. Wetherbee, in the sum of $7,500, and they in turn have brought the proceedings on the second trial here for review.

The present record presents but two questions which we deem it necessary to consider. The first of these is whether the former decision of this court conclusively established the fact that Louis Clausen, the foreman of the gang under whom Haas worked, was a vice principal of the plaintiffs in error, so as to preclude all further consideration of that point; and, in the event that the proposition last stated, which is maintained by the defendant in error, proves to be untenable, the second inquiry is whether Haas and Clausen were in fact fellow servants. It is a well-established doctrine, in the federal courts at least, that a second writ of error or a second appeal in the same case only brings up for review the proceedings of the

trial court subsequent to the mandate, and that it does not authorize a reconsideration of any questions, either of law or fact, that were considered and determined on the first appeal or writ of error, provided the testimony on each trial was substantially the same. This doctrine results from the fact that a judgment rendered by an appellate court in a given case is conclusive on the parties thereto, and that an appellate court, like a nisi prius court, is powerless to review or revise its own judgments after the lapse of the term at which they were rendered, except in cases of fraud. Another form of stating the doctrine is that propositions of law which were considered and decided on a first appeal become the law of that particular case, and, whether right or wrong, must be adhered to on a second appeal. Thatcher v. Gottlieb, 19 U. S. App. 469, 8 C. C. A. 334, and 59 Fed. 872, and cases there cited; Tyler v. Magwire, 17 Wall. 253, 283; Supervisors v. Kennicott, 94 U. S. 498; Clark v. Keith, 106 U. S. 464, 1 Sup. Ct. 568; Sizer v. Many, 16 How. 98; Corning v. Nail Factory, 15 How. 478, 494; Sibbald v. U. S., 12 Pet. 488, 492; Martin v. Hunter, 1 Wheat. 304, 355. Conceding the foregoing doctrine to be sound, it is to be observed, in the first place, that this court was not asked to determine on the first appeal whether Haas and Clausen were fellow servants, and no opinion was in fact expressed on that point. Haas v. Balch, 12 U. S. App. 534, 6 C. C. A. 201, and 56 Fed. 984. That question was not discussed by counsel for either party, either by brief or on the oral argument. Besides, on the former hearing, the case came before this court on a record which showed very clearly, as we think, that the fellow-servant question was not debated in the circuit court, and that the judgment below was predicated on other grounds. The former record not only disclosed that the decision of the lower court had not turned on the fellow-servant question, but the printed argument then filed in behalf of the plaintiff in error contained the statement that "at the close of plaintiff's testimony the trial court directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence"; and the entire argument so filed was devoted to a discussion of the questions whether the view thus entertained by the trial court was correct, and whether the plaintiff had sustained the injury complained of in consequence of one of the known risks of the employment which he had voluntarily assumed. Very naturally, therefore, and very properly, this court confined its former decision to these points. Our rules, particularly rule 24—have been framed for the express purpose—among others, of preventing surprises, as far as possible, by requiring counsel on both sides of a case to specify in their briefs with reasonable certainty the grounds upon which they will rely either for a reversal or an affirmance. When this has been done, we do not consider it our duty to travel outside of the lines as they have been laid, or to decide questions which counsel have not seen fit to discuss, especially if they are mixed questions of law and fact which may be presented on different evidence, and in a new light on a second appeal. It is doubtless true that this court might have been called upon to decide on the former appeal whether, on the state of facts then disclosed, Haas and Clausen occupied the relation of fellow

servants; but counsel on both sides were ap} arently content to confine the ruling then made to the single question whether there was any evidence of culpable negligence, either on the part of Haas or Clausen, inasmuch as that was the only question that had been determined by the circuit court.

In view of these considerations, we think that our former decision does not preclude us from determining whether, on the state of facts disclosed by the present bill of exceptions, Clausen was a vice principal or a fellow servant. As the rule which counsel for the defendant in error have invoked is sometimes, and, as we think, most accurately, stated, it only precludes consideration on a second appeal of those points which were distinctly made and determined on the first hearing. Thus in two cases the rule was stated by the supreme court of California substantially as follows: A ruling by an appellate court upon a point distinctly made upon a previous appeal is in all subsequent proceedings in the same case a final adjudication, from the consequences of which the court cannot depart, nor the parties relieve themselves. Phelan v. San Francisco, 20 Cal. 39; Leese v. Clark, Id. 387, 416, 417. Moreover, the rule in question does not bar the consideration, on a second appeal, of incidental questions which were considered and decided on a prior appeal. With reference to the latter point the supreme court of Indiana said: "In our opinion, a decision rendered on appeal does not conclusively determine merely incidental or collateral questions, but determines only such questions as are presented for decision, and are decided as essential to a just disposition of the pending appeal." Union School Tp. v. First Nat. Bank of Crawfordsville, 102 Ind. 464, 472, 2 N. E. 194. And in the case of Haynes v. Town of Trenton, 123 Mo. 326, 335, 27 S. W. 622, it was held that an appellate court is not precluded on a second appeal from reversing a case on account of an erroneous instruction, although the same instruction was given on the first trial, and was incorporated into the first bill of exceptions, it appearing that the instruction was not distinctly called to the court's attention, and made a ground of complaint on the first appeal. The court said, in substance, that it could see no possible basis for holding the defendant estopped to object to the instruction on the second appeal, even conceding that it was not objected to on the first appeal; and that, although the error in the instruction was waived on the first appeal, the aggrieved party did not thereby consent to the same error at a second trial, or estop itself to then object to such error. As might be expected, we are naturally indisposed to hold a litigant bound by a supposed ruling on a point that was not raised on the former appeal, and was neither argued nor considered; and, in our judgment, the authorities, when rightly construed, do not require us to so hold, or to decide that the mere fact that the fellow-servant question might have been argued and decided on the first hearing, now estops the plaintiffs in error from raising that issue.

The conclusion last announced is further fortified by the fact that the testimony produced on the last trial differs in one important respect from the testimony adduced on the first trial. In the first bill of exceptions much of the testimony was reported in a narrative

form, and it contained general statements to the effect that Clausen "had entire charge of the work" that was being done at the city of Stillwater; that "he hired the men, and gave them their time, and had the whole thing" under his control. Other similar and equivalent expressions were contained in the former record. The present bill of exceptions shows, however, that Clausen did not have the entire charge of the work that was being done by the defendants below in the city of Stillwater, but that the working force at that place was divided into two gangs, only one of which worked under the direction of Clausen, while the other gang worked under the direction of another foreman, whose powers were quite as extensive as those exercised by Clausen. We think that the additional fact disclosed by the last bill of exceptions, showing that Clausen did not have the sole and exclusive charge of the work that was being done at Stillwater, has an important bearing upon the inquiry whether Clausen was a vice principal or merely a fellow servant, and that for this reason, as well as for the reasons heretofore stated, our former decision should not preclude all further consideration of that question. It is well settled that the rule of law now under discussion has no application when the evidence on a second trial differs in a material respect from the evidence adduced at the first trial, and the point adjudicated was dependent upon the testimony. Parties are always at liberty to introduce on a retrial such other evidence bearing upon a particular issue as they may possess, and, if such additional testimony changes the aspect of the case, and necessitates the application of a different rule of law, an appellate court is always privileged to apply it. Thatcher v. Gottlieb, 19 U. S. App. 469, 8 C. C. A. 334, and 59 Fed. 872; Meeks v. Railroad Co., 56 Cal. 513; Mitchell v. Davis, 23 Cal. 381. This rule is further illustrated by the recent decision of this court in Railway Co. v. Davidson's Adm'r, 27 U. S. App. 681, 13 C. C. A. 249, and 65 Fed. 969, wherein we reached a different conclusion from that announced on the first appeal (see Davidson's Adm'r v. Railway Co., 12 U. S. App. 115, 4 C. C. A. 146, and 53 Fed. 997), because the facts on the second appeal were materially different.

We proceed, therefore, to consider the question whether Haas and Clausen were in fact fellow servants, inasmuch as that question, in our opinion, is open for consideration, and was distinctly raised in the circuit court on the last trial. The position which Clausen occupied, and the relation which he bore to his employers and to the plaintiff, Haas, at the time of the accident, have already been stated in part, and but little further need be said on that subject. The defendants, Foster L. Balch and Henry E. Wetherbee, were general contractors, who did business under the firm name of Balch & Wetherbee. The firm had taken a contract to grade a certain street in the city of Stillwater, Minn., which involved making a cut some 20 feet in depth through a hill. This work, as heretofore stated, was being done by two gangs of men, who worked under different foremen, one of whom was Clausen. Each foreman had authority to hire men for his gang, or to discharge them, and to direct the operations of the laborers who were thus employed. The two gangs

worked near together on the same job. Each foreman worked with his own crew, and neither foreman appears to have had or to have exercised any authority over the other. Both of them received general directions as to the mode of doing the work from the defendant Wetherbee, who was present on the ground for some two weeks when the work was commenced, and who subsequently visited the place at intervals and on such occasions gave such general directions as he thought necessary relative to the performance of the work. The foregoing facts are practically undisputed. It furthermore appears that the negligence complained of consisted in the fact that Clausen ordered Haas to work at the base of an overhanging earth bank, and assured him that he could work there in safety, when, as it is claimed, he ought to have known that the place was unsafe, and that the bank was liable to fall at any moment, as it did in fact fall. In view of the position which Clausen appears to have occupied, and the authority with which he was vested, we think it is manifest that he and Clausen were fellow servants within the rule announced in three cases that have been decided by this court, to wit: Minneapolis v. Lundin, 19 U. S. App. 245, 7 C. C. A. 344, and 58 Fed. 525; Coal Co. v. Johnson, 12 U. S. App. 490, 6 C. C. A. 148, and 56 Fed. 810; Railway Co. v. Waters, 16 C. C. A. 609, 70 Fed. 28. Clausen was not charged with the superintendence and control of the entire business of his employers; he was not the manager or head of a department of a diversified business; neither was he engaged at the time of the accident in the performance of a special duty which the law devolved upon his employers. On the contrary, he was simply an ordinary foreman, who had charge of a gang of laborers, and who usually worked with them. He did not even have full control of the particular job on which he was employed, for another foreman was engaged on the same work, who seems to have had equal authority, and both foremen were under the general supervision of the common master. Our decisions above referred to were each predicated on the rulings made in Railroad Co. v. Baugh, 149 U. S. 368, 384, 13 Sup. Ct. 914, which set at rest some of the doubts that had been raised, and corrected certain deductions that seemed to be warranted by some expressions found in the earlier case of Railway Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. 184. In the Baugh Case it was distinctly ruled that "prima facie all who enter into the employ of a single master are engaged in a common service, and are fellow servants." It was further said in that case, in substance, that the danger to be apprehended by a laborer from the negligence of one specially in charge of the particular work is as obvious and as great as from that of those who are simply co-workers with him; that each danger is equally with the other an ordinary risk of the employment; that if the employé is paid for the one risk he is paid for the other, and that if he assumes the one he likewise assumes the other. As a corollary from these propositions, it was declared, in substance, that the master's exemption from liability extends to injuries sustained in consequence of the negligence of "all co-workers to the same end," regardless of their rank. This decision, as a matter of course, admitted the rule which we pointed out in Minneapolis v. Lundin, su-

pra, that the master is liable for the negligent performance of all of his personal duties, no matter by whom performed, and that he is also responsible for the negligent acts of an employé whom he has intrusted with the entire management and supervision of all of his business, or with the entire management and supervision of a distinct and separate department of a large and diversified business. The doctrine of the Baugh Case was reiterated and applied in Railroad Co. v. Hambly, 154 U. S. 349, 14 Sup. Ct. 983, in which case it was held that a section boss of a railroad is a fellow servant with an engineer and conductor in the employ of the same company, and that the company is not liable for an injury to the former occasioned by the negligence of the latter, although they work in different departments of the service, and under the control of different superiors. And in the recent case of Railroad Co. v. Keegan, 160 U. S. 259, 264, 16 Sup. Ct. 269, it was pointed out that, while the mastery and control of a distinct department of a diversified business may entitle the person in charge to be considered a vice principal, rather than a fellow servant, yet that this must not be understood to mean or imply "that each separate piece of work was a distinct department, and made the one having control of that piece of work a vice principal or representative of the master." See, also, O'Brien v. Dredging Co., 53 N. J. Law, 291, 21 Atl. 324, and Potter v. Railroad Co., 136 N. Y. 77, 32 N. E. 603, which are referred to with approval in the decision last cited. This court has also decided very recently that a section foreman of a railroad is not the head or manager of a distinct department in such sense as to constitute him a vice principal, but that he is a fellow servant of those who work under him and are subject to his orders. Railway Co. v. Waters, 16 C. C. A. 609, 70 Fed. 28.

It is obvious, therefore, that on the state of facts disclosed by the present record Clausen cannot be regarded as a vice principal on any of the grounds heretofore indicated. He was a fellow servant of the other members of the gang of laborers who worked under him; and, inasmuch as the act of negligence complained of was not committed by him while in the discharge of a duty that was personal to the master, his employers cannot be held responsible for his neglect. The trial court was asked to so instruct the jury, and for its refusal to do so the judgment must be reversed, and the cause remanded for a new trial.