ANDRE *v.* WINSLOW BROS. ELEVATOR CO.

FELLOW-SERVANTS—NEGLIGENCE.

Plaintiff, employed to assist defendant's foreman, was injured while in the act of handing some tools to the foreman, who was at work in an elevator shaft. The accident was due to the foreman's failure to take proper precautions to keep the elevator from running while they were at work. *Held*, that they were fellow-servants, and that plaintiff could not recover.

Error to Wayne; Carpenter, J. Submitted June 15, 1898. Decided July 12, 1898.

Case by James A. Andre against the Winslow Brothers Elevator Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

The defendant is a corporation engaged in the manufacture and erection of elevators. In 1894 it had a contract to erect five elevators in the Chamber of Commerce, Detroit. Defendant's chief engineer, named Smith, had

general charge of their erection. It had several foremen at work upon different parts of the job. Plaintiff was employed by a foreman named Presto in October, 1894, left in November, was re-employed in January by a foreman named Anderson, with whom he worked until the latter part of April. His employment was putting up the stair railings, putting on the elevator fronts, and putting the cages on the elevator cars. Another foreman's name was Keeran, who was employed by the day. When Anderson was short of work, plaintiff sometimes worked under Keeran, and in April began to work steadily under him. Keeran's work was the construction of the elevators proper, including cylinders, tanks, pumps, sheaves, beams, and cables. In this work he was foreman, working under the direction of Smith, the engineer, and one Carr, the general manager. The elevators were all running the last of April. Plaintiff was injured May 11th, at which time he had been working with Keeran about two weeks. The work was nearly completed, and plaintiff and Keeran were putting on the finishing touches. It became necessary to screw down four bolts in the cylinder of elevator No. 1. To do this, they were compelled to put into the elevator shaft some plank for scaffolding. About five minutes were requisite to complete the work. A man called a "starter" was employed to stand upon the first floor in front of the elevators, whose duty it was to direct their movements. Keeran went down to the first floor to tell the starter not to use No. 1 elevator until the work was done. The starter was not there. No. 2 elevator was idle. Keeran instructed the conductor of No. 1 to take No. 2, then reversed the power of No. 1, and closed the door, which locked automatically. He then returned to his work, went in upon the scaffold, and asked plaintiff to hand him a wrench. While plaintiff was in the act of doing this, the elevator came up, struck the scaffolding, and injured plaintiff. Keeran was thrown up about eight feet, threw his arms around a post, and sat down on top of the cylin-

der. Shortly after Keeran left the first floor, the starter returned, and, ignorant of what had been done, ordered the conductor of No. 3 into No. 1. The conductor put his hand through the elevator cage, unlocked the door, and started up with the elevator, thus causing the accident. The court directed a verdict for the defendant, upon the ground that Keeran and plaintiff were fellow-servants, and that defendant was not liable for the negligent act of Keeran.

*T. E. Tarsney* and *W. G. Fitzpatrick*, for appellant.

*Wells, Angell, Boynton & McMillan, Edwin F. Conely,* and *Orla B. Taylor,* for appellee.

GRANT, C. J. (*after stating the facts*). The case is so well stated by Judge Steere in setting aside the first ver-dict that we quote it:

"After carefully reading the testimony, which has been furnished by counsel, I am forced to the conclusion that the doctrine of 'fellow-servant' applies in this case; and on the undisputed testimony, taken most strongly in favor of the plaintiff, there can be no recovery. At the time of the accident, Keeran was only a working foreman, in charge of the final adjustment of the elevators. He was taking part with Andre in the performance of that labor. The elevators were then constructed, and the plant installed. The situation is the same as though these men had been sent to do that work, and make repairs, after a break in the machinery, which had been in operation for a long period. No claim is made that an incompetent foreman or fellow-servant was employed. Keeran was a man of skill and experience in his business, was working with his hands, with Andre as a helper, and they were co-laborers in the same line of employment, each depending for his safety on the care and skill of the other. The power which Keeran had to hire and discharge men and direct details of the work is not the test, for the work he was performing when the accident occurred did not necessarily belong to the employer."

The statement of Judge Carpenter in directing a verdict is equally cogent.

Plaintiff and Keeran were fellow-servants. Keeran possessed none of the authority of a vice principal. He had no greater authority than the foreman of a section gang upon a railroad, or a foreman in a shop. He worked with plaintiff at the same work, and with like tools. He was only above plaintiff in that he directed how the work assigned them should be done. At the time of the accident, he had gone into the place to do the work himself. We have discussed this doctrine so often and so fully, especially in *Beesley* v. *F. W. Wheeler & Co.*, 103 Mich. 196 (27 L. R. A. 266), and *Schroeder* v. *Railroad Co.*, 103 Mich. 213 (29 L. R. A. 321, 50 Am. St. Rep. 354), that we refrain from discussing it now. This case is ruled by these cases, as well as by *Findlay* v. *Russel Wheel & Foundry Co.*, 108 Mich. 286. We find that several cases of the federal courts, decided within the last two years, fully support the above decisions. *Central R. Co.* v. *Keegan*, 160 U. S. 259; *Northern Pacific R. Co.* v. *Peterson*, 162 U. S. 346; *Alaska Mininy Co.* v. *Whelan*, 168 U. S. 86; *Cleveland, etc., R. Co.* v. *Brown*, 20 C. C. A. 147, 73 Fed. 970; *Balch* v. *Haas*, 20 C. C. A. 151, 73 Fed. 974.

The rule of duty to furnish a safe place has no application here. The place was as safe as any places of that kind are. Proper tools and machinery and competent workmen had been furnished. The accident resulted from the failure to take the proper precautions to stop the elevator.

Judgment affirmed.

The other Justices concurred.