CAMDEN & S. RY. CO. v. BURR.

Circuit Court of Appeals, Third Circuit. December 16, 1898.)

No. 7, September Term.

REVIEW—INSTRUCTIONS—VERBAL DEFECTS.

The fact that terms used by a judge in charging a jury may not have been so nicely chosen as to defy criticism is not ground for reversal, when the charge, taken as a whole, does not appear to have been misleading.

In Error to the Circuit Court of the United States for the District of New Jersey.

E. A. Armstrong and D. J. Pancoast, for plaintiff in error.
Howard Carrow, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

DALLAS, Circuit Judge. This was an action in the circuit court for the district of New Jersey, to recover damages for personal injury sustained by the defendant in error in a collision which occurred between two cars of the plaintiff in error, who was the defendant below. The several errors assigned need not be separately considered. The points insisted upon are—First, that the learned judge in instructing the jury used the word "discretion" where the word "judgment" should have

been used; and, second, that the jury was led to believe that the plaintiff was entitled to compensation for loss of earnings, whereas the true measure in this regard is loss of earning power. These objections are both, in our opinion, critical merely, and not substantial. The terms employed in charging a jury cannot reasonably be expected to be so nicely chosen as to defy censorious examination. The criterion by which they are to be judged is practical, not pedantic; and no part of a charge can be said to be erroneous which, when taken in connection with the whole of it, does not appear to have been misleading.

In the present case the court said, "The basis of a verdict for damages, gentlemen, is compensation;" and, further on, that its amount "must rest mainly in the sound discretion of the jury." Now, that the word "discretion" was here used as being equivalent to the word "judgment," and to "judgment founded upon evidence," and that it must have been so understood by the jury, we do not doubt. The tenor of the entire charge precluded any other understanding; and, in the same immediate connection, it was said: "No amount of sympathy is it their [the jurors'] province to expend on the plaintiff; but as between the plaintiff and defendant, according to the evidence, in their own sound discretion, and to the best of their judgment, award such sum as will, in their opinion, compensate the plaintiff for the injuries which she has sustained, and which, by the proof, the jurors are satisfied she will sustain, by reason of the accident which is the subject-matter of this complaint." It is not possible, we think, that the jury could have attributed to this language any meaning other than that it was their duty to assess the damages according to their best judgment founded upon the evidence; and, so understood, the instruction given was unquestionably correct.

It is true that in a case of this character it is the loss of earning power, and not possible or probable specific earnings, which is to be considered in estimating damages; but, again, it is clear that the jury could not have been led astray by the occurrence of the phrase "loss of earnings" in the charge. It was at several points made clear that what was intended was loss of earning power, and especially in this defining statement: "Now, whatever she has lost in earnings—earning power—from the day of that accident, in '96, to the present time, is another item which you will take into consideration in assessing the damages."

We are fully satisfied that the jury were not misled with respect to either of the matters complained of, and therefore the judgment of the circuit court is affirmed.