## SWIFT & CO. v. SHORT.

(Circuit Court of Appeals, Eighth Circuit.   March 6, 1899.)

### No. 1,081.

1. WITNESSES—DISAGREEMENT—IMPEACHMENT.
    While a litigant may not impeach the general character of his own witnesses, yet this rule does not prevent him from showing the verity of any fact which he wishes to establish. When witnesses called in his behalf disagree as to a particular fact, the testimony of neither is conclusive; and this, though the party to the suit be one of the witnesses.

2. INJURY—MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    Plaintiff, who was ordered to take charge of defendant's dynamo department, was injured by the detachment of a defective brake on one of

the dynamos. He testified that he was ignorant of that kind of machinery, and had no knowledge of the defect, while defendant's witnesses testified that he knew of the defect, and superintended its repair on the day of the injury, and that he was told by the machinist that it had not been properly repaired. *Held*, that the case was properly submitted to the jury on the issue of defendant's contributory negligence.

**3. SAME—RESPONDEAT SUPERIOR.**

Where plaintiff, superintendent of defendant's dynamo department, was injured because of the defective repair of the machinery by other machinists in defendant's employ, which repair was neither done by plaintiff nor under his supervision, the rule of respondeat superior applies, and plaintiff is entitled to recover.

**4. SAME—INSTRUCTIONS—HARMLESS ERROR.**

In an action for injuries received by a superintendent of defendant's dynamo department, by the detachment of part of the machinery, the court instructed the jury that if it was plaintiff's duty to attend to keeping the machinery in a safe condition, or if he had knowledge before the injury that it was unsafe or dangerous, "and was at the same time conscious of his ignorance of that kind of machinery, how to operate and repair it," and yet elected to run it, or to repair it, and take the hazard of injury, he could not recover. *Held* that, the charge as a whole not being misleading, the clause quoted in that instruction, if erroneous, was harmless.

In Error to the Circuit Court of the United States for the Western District of Missouri.

O. H. Dean (William Warner, James Gibson, W. D. McLeod, and Hale Holden, on the brief), for plaintiff in error.

Frank P. Walsh (F. F. Rozzelle and William P. Borland, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is a suit for personal injuries which was brought by Walter C. Short, the defendant in error, against Swift & Co., a corporation, the plaintiff in error, the injuries complained of having been sustained while Short was an employé of the defendant company. The evidence showed, without substantial contradiction, that while the plaintiff below was in temporary charge of the dynamo room in the defendant company's packing-house plant located at Kansas City, Kan., during the absence of the regular foreman, an iron shoe, which formed a part of a friction clutch, flew off from a rapidly revolving wheel, to which it was attached for tne purpose of serving as a brake to the wheel, striking the plaintiff in the head, and inflicting severe injuries; that, for two or three days prior to the accident, there had been a crack in the shoe, or in one of the arms by which it was held in place, which fact was known to those persons in the defendant's service whose duty it was to cause the same to be repaired; that on the day of the accident, and prior thereto, an attempt had been made to remedy the defect in the clutch, by wiring it so as to hold the shoe securely in place, which work had not been properly done; and that, shortly thereafter, one of the shoes which formed a part of the clutch flew off, with the result heretofore stated. There was a controversy before the jury as to whether the defective wiring last referred to was done by the plaintiff himself or under his direction, or whether it was done by other employés in the defendant's service, without the plaintiff's knowledge.

The plaintiff testified in his own favor, and in substance, that he had been ordered to take charge of the dynamo room on the day of the accident, during the temporary absence of the regular foreman; that he took charge thereof, in pursuance of such order, in the afternoon of that day; that shortly after assuming charge of the same, and while standing in line with the wheel to which the clutch was attached, which was then in rapid revolution, the shoe flew off, and inflicted the injuries complained of; that, previously to the injury, he had not assisted in wiring the clutch, and was not aware of any insecurity in the machinery of which he had been appointed to take charge. On the other hand, the defendant company offered evidence which tended to show that the plaintiff took charge of the dynamo room some time during the forenoon of the day of the accident, instead of during the afternoon; that he was advised, at the time of assuming charge of the room, that the fastenings of the clutch were insecure; that he was directed to stop the machinery at noon, and examine the clutch; that he did so, and, finding the shoe insecure, tried to fasten it with wire; that the wiring was not done in such a way as to render the shoe secure, and that he was advised of that fact by the machinists who assisted in the operation, and who worked under his directions.

As the issue of fact last explained was the only one concerning which there was any serious conflict in the testimony, and as the verdict was in favor of the plaintiff, we are satisfied that the jury found that the plaintiff did not assist in wiring the clutch, and was not responsible for its condition at the time of the accident. It is contended, however, that the trial court should have directed a verdict against the plaintiff because of his contributory negligence, or voluntary assumption of a known risk, and that an error was committed in refusing such an instruction. The sole basis for this contention seems to be that the plaintiff was concluded on this issue by the evidence of certain of his own witnesses. It is not denied that the plaintiff's own testimony, if credible, exculpated him from all blame; but it is said, in substance, that inasmuch as two of his witnesses—one of them being the foreman of the dynamo room, whom the plaintiff had temporarily superseded on the day of the accident—made some statements while on the stand which are in apparent conflict with some of the plaintiff's statements, and which also tended to corroborate the evidence of the defendant's witnesses, therefore the plaintiff's evidence which showed that he was free from all blame should have been disregarded, and treated by the trial court as wholly undeserving of credit. Concerning this claim, it is sufficient to say that we are not aware of any such rule of evidence as counsel for the defendant company have invoked. A litigant may not introduce testimony for the purpose of showing that the general character for truth and veracity of one of his own witnesses is bad, but this rule does not go to the extent of preventing him from showing the verity of any particular fact or transaction which he wishes to establish. He may call witnesses to prove a particular fact, although their evidence with relation thereto contradicts the testimony of other witnesses who have previously testified in his favor with

reference to the same transaction. Moreover, under some circumstances, where a party has been deceived by one of his witnesses, who has given testimony which was unexpected, the better view is that the party so deceived may impeach the witness to the extent of showing that the statements made by him on the witness stand are contrary to those made by him before the trial or before he was sworn. Phil. & A. Ev. pp. 904, 905; Greenl. Ev. (15th Ed.) §§ 443, 444, and cases there cited; Melhuish v. Collier, 15 Q. B. 878; Hemingway v. Garth, 51 Ala. 530. In short, when witnesses called in behalf of either party disagree among themselves as to a particular fact or transaction, the testimony of neither is to be accepted as absolutely conclusive; and this rule applies as well where a party to the suit is one of the witnesses, and has testified in his own favor. In all such cases it is the province of the jury to determine, in the light of all the facts and circumstances as developed by the proof, who is most worthy of credence. In the present case, the accident had occurred several years before the trial, and it is not surprising that the recollection of the witnesses varied somewhat as to the details of the occurrence. None of the witnesses can be said to have agreed exactly in their statements as to time, place, and circumstance, when their statements are viewed critically; and yet, when all the evidence is considered, and due allowance is made for the length of time that had elapsed since the accident, it is easy to reach a rational conclusion upon the issues involved in the case, without being compelled to reject the testimony of any witness as entirely false or untrustworthy. The case was one for the jury upon the issue of contributory negligence, and no fault can be found with the trial court for submitting the case to the jury. It would have erred had it acted differently.

It is furthermore insisted in the brief that, in any event, the plaintiff should not have recovered, because the defective wiring of the shoe, if not done by direction of the plaintiff himself, was at least done by his fellow servants, and that the defendant cannot be held responsible to the plaintiff for their negligence. The conclusive answer to this suggestion is that, if the wiring was done by other persons in the defendant's employ, and was neither done by the plaintiff nor under his supervision, then, in the matter of making such repairs, such other servants were performing a personal duty which the master owed to the plaintiff, and the rule of respondeat superior applies. Balch v. Haas, 36 U. S. App. 698, 701, 20 C. C. A. 151, and 73 Fed. 974; Minneapolis v. Lundin, 19 U. S. App. 247, 249, 7 C. C. A. 344, and 58 Fed. 525; Railroad Co. v. Keegan, 160 U. S. 259, 264, 16 Sup. Ct. 269.

This brings us to the final contention that there was error in the court's charge. That part of the charge in which the error is supposed to inhere was as follows:

"Testimony has been introduced tending to show that it was the duty of the plaintiff himself, after he became temporary foreman in that department [the dynamo department], in place of Powers, to attend to keeping the machinery in a reasonably safe condition, and that he knew personally, and had been advised before the injury, of the defective condition of the clutch on the pulley which afterwards injured him, and was advised by different persons of skill and experience in the repairing of such machinery that it was unsafe and dan-

gerous. And he, himself, has testified, in substance, that he was not skilled in machinery of that kind, or in the repairing or running of the same. Now, if you believe it to be true that it was his duty, after becoming foreman, to attend to keeping the machinery safe, or that he knew before he was hurt, either personally or from information, that it was in a broken and defective condition, and was advised by others having skill and experience in such matters that it was unsafe and dangerous, *and was at the same time conscious of his ignorance of that kind of machinery, how to operate and repair it*, and yet, notwithstanding, elected to run it, or to repair it and run it, and take the risk and hazard of injury, then he should not recover. This is true, gentlemen, without reference to whether the defendant was negligent in not keeping the machinery in a reasonably safe condition. For, if the master failed in that regard, plaintiff cannot complain, and recover, unless he has been injured by reason of that failure. He cannot, in other words, with a knowledge of the fact that the master has been negligent, and after being warned of danger by reason thereof, voluntarily go on and take the chances of injury, and then be heard to say that he would not have been injured if the defendant had not been negligent. Under such conditions, the law holds him to have assumed the risk, and discharges the master from liability."

The court, in its charge, before giving the aforesaid instruction, had recited the substance of the plaintiff's evidence as given on the trial, saying that he had testified that he was ignorant of the condition of the clutch prior to the accident; that no one had informed him prior thereto that it was cracked and had been bound with wire; that he had taken charge of the dynamo room recently, and had only been in the room a short time when the accident occurred, and that he was engaged in repairing a belt, the machinery being in operation, when he was struck and injured. After thus reciting the plaintiff's evidence in substance, the court instructed the jury that if the plaintiff's statements were true, and if the defendant company knew, or by the exercise of reasonable care could have known, of the defective condition of the clutch when it placed the plaintiff in charge of the dynamo room, then the plaintiff should recover. In no part of the charge, however, was any permission or direction given to the jury to return a verdict for the plaintiff unless they found and believed that the plaintiff was in fact ignorant of the condition of the clutch, and ignorant of the fact that it had been wired, up to the moment of the accident. The portion of the charge above quoted of which error is predicated is taken from that part of the charge which presented the defendant's view of the case, and was intended to state the defense on which it chiefly relied; the objectionable part of it being that clause which we have italicized. The trial court's attention was not called to the objectionable clause, nor was it excepted to at the time. If there was an error in the charge, in the respect above indicated, which was saved in such a way that it can be reviewed, then it was only saved by an exception to the refusal of the court to give two instructions that were asked by the defendant, which instructions embodied the substance of that portion of the charge above quoted, omitting only the objectionable clause which is in italics. We are of the opinion that, if there was error in the charge in the respect complained of, and if it was saved in a manner which renders it reviewable, it must be regarded as immaterial, and not of sufficient moment to justify a reversal. As we have before remarked, under the instructions given for the plaintiff, upon

whom rested the burden of the proof, and who was bound to make out his case on the lines indicated by the trial court, the jury were plainly instructed that he would only be entitled to a verdict in the event that they believed his statement that he was ignorant of the condition of the clutch when he took charge of the dynamo room, and was ignorant of the fact that it had been bound up with wire. It must be presumed, in support of the judgment, that the jury obeyed this instruction, and found the facts as therein stated to be true; in which event, as a matter of course, it is immaterial that the court, in stating the facts which would support the plea of contributory negligence, imposed upon the defendant the duty of showing, among other things, that the plaintiff was "conscious of his ignorance of that kind of machinery, and how to operate and repair it." The clause of the charge which has been criticised was probably due to inadvertence, and the court's attention should have been called to it at the time, if counsel regarded it as of any importance, and intended to rely upon the alleged error. We are unable to see, however, that it could possibly have done any harm; and, when a charge as a whole is not misleading, it is not a sufficient ground for reversal that some of the language found therein was not so nicely chosen as to defy criticism. Railway Co. v. Burr (Cir. Ct. App. 3d Cir.) 91 Fed. 351. The judgment below is therefore affirmed.