## NORTH JERSEY ST. RY. CO. v. PURDY.

(Circuit Court of Appeals, Third Circuit. January 24, 1906.)

### No. 40.

1. CARRIERS—ACTION FOR INJURY OF PASSENGER—EVIDENCE OF NEGLIGENCE—PRESUMPTIONS—QUESTIONS FOR JURY.

  The happening of an injurious accident is, in passenger cases, prima facie evidence of negligence on the part of the carrier, and where the passenger is not chargeable with contributory negligence the burden rests upon the carrier to show that its whole duty was performed, which is a question for the jury if there is a conflict of evidence.

  [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1283.]

2. TRIAL—INSTRUCTIONS—CONSTRUCTION AS A WHOLE.

  Where the charge of a court as a whole correctly and intelligibly states the law applicable to the case, reversible error cannot be predicated on segregated portions of the charge which, taken alone, might be erroneous.

  [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 703–705.]

3. APPEAL—JURISDICTIONAL QUESTIONS—SUFFICIENCY OF EVIDENCE—NECESSITY OF RAISING IN TRIAL COURT.

  Where no objection is made in the trial court to the sufficiency of the proof to sustain the allegations of plaintiff's citizenship, for jurisdictional purposes, the question of want of jurisdiction on that ground will not be considered in the appellate court.

In Error to the Circuit Court of the United States for the District of New Jersey.

Charles D. Thompson, for plaintiff in error.

Warren Dixon, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge. The parties to this case will be referred to as they respectively stood in the court below; that is to say, the plaintiff in error will be designated as the defendant, and the defendant in error as the plaintiff. The action was brought to recover damages for personal injuries sustained by the plaintiff, which she alleged were caused by the negligence of the defendant's servants. On November 18, 1904, she was a passenger on a trolley car of the defendant which collided with a wagon laden with bales of hay, and, as she testified, she was thereby "knocked from the side I [she] was sitting on to the opposite side," and was seriously hurt. Evidence was adduced by each party, and, the case having been submitted to the jury, a verdict for the plaintiff was rendered, and judgment thereon was entered. Thereupon this writ of error was sued out, and 19 errors have been assigned. But the only substantial questions that have been pressed in argument may be disposed of without treating of the specifications in detail.

The denial of a nonsuit was not assignable for error, and the request of the defendant for the direction of a verdict in its favor was properly refused. The evidence upon the issue as to the defendant's negligence was such, at least, that 12 men might reasonably infer from it that the accident was caused by lack of due care upon the part of its servants; and, this being so, the duty of the trial court to submit that issue to the jury was, under the well-settled rule, a perfectly plain one. The happening of an injurious accident is, in passenger cases, prima facie evidence of negligence on the part of the carrier, and where, as here, the passenger is not chargeable with contributory negligence, the burden rests upon the carrier to show that its whole duty was performed; and whether or not it was performed by the defendant in this case was rightly referred to the jury for determination upon the evidence. Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270, and cases there cited.

No reversible error was committed by the learned judge in stating in his charge that "the plaintiff was injured, which is undisputed, while riding in the trolley car of the defendant, on the 18th of November last." In the next sentence he said: "She was a passenger in that trolley car, and I believe was going towards Jersey City"; and it is not at all likely that the jury supposed him to intend, in this prefatory portion of his instructions, to do more than direct its attention to the plaintiff's situation and her relation to the defendant company at the time of the accident. He had just cautioned it not to depend upon what he might say about the evidence; and if, as is now contended, the evidence for defendant did warrant a dispute as to the fact of the plaintiff's having been injured at all, there was nothing in the remark complained of which could reasonably have been understood as precluding the consideration of that evidence. But the truth is that there was, upon the proof, no room to doubt that the plaintiff had been hurt. The extent of her injuries, of course, was open to question; but that question the jury, under proper instructions, disposed of by awarding her damages in the sum of $7,500.

The other objections to the charge need not be particularized. None of them is well taken. It frequently happens that sentences may be extracted from a charge which, if separately read, would seem to be subject to adverse criticism; but where, as in this instance, the charge, as a whole, correctly and intelligibly states the law applicable to the case, no ground for reversal is presented. Evanston v. Gunn, 99 U. S. 660, 25 L. Ed. 306; Redhing v. Central R. R. Co., 68 N. J. Law, 641, 54 Atl. 431; Camden & S. Railway Co. v. Burr, 91 Fed. 351, 33 C. C. A. 557.

The suggestion made in the brief of the plaintiff in error, that the diverse citizenship of the parties, necessary to give the circuit court jurisdiction, was not adequately established, comes too late, and is without merit. The point was not made in the court below, and is not raised by any specification in this court. Moreover, the plaintiff did testify that she had gone from New Jersey to New York after the accident, and, upon being asked, "Were you in bed in your home in New York?" she replied, "Yes, sir." She was not cross-examined upon the subject, and, in view of the defendant's acquiescence throughout the trial in the assumption that it had been sufficiently shown that she was a citizen of New York to entitle her to sue in a court of the United States for the district of New Jersey, we do not deem it necessary to further consider the matter. Bradstreet v. Thomas, 37 U. S. 57, 9 L. Ed. 999; Western Union Beef Co. v. Thurman, 70 Fed. 960, 17 C. C. A. 542.

No error is disclosed by the record, and therefore the judgment of the Circuit Court is affirmed.