YOUNGGREN *v.* I. STEPHENSON CO.

1. MASTER AND SERVANT — PERSONAL INJURIES — FELLOW-SERVANTS.
    A foreman in defendant's sawmill and plaintiff, a laborer, were fellow-servants in moving a loaded car with car pushers along the sidetrack adjoining the mill.

2. SAME—SAFE PLACE TO WORK— KNOWN DANGER— ASSUMPTION OF RISK.
    Where the dangers of plaintiff's employment were apparent, and the place to work provided by defendant, if unsafe, was one the unsafety of which was fully known to plaintiff if he had exercised reasonable care during the period of his employment, plaintiff cannot recover for an injury resulting from such dangers.

Error to Delta; Stone, J. Submitted October 15, 1907. (Docket No. 66.) Decided December 30, 1907.

Case by Alfred Younggren against the I. Stephenson Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Yelland & Norblad*, for appellant.
*F. D. Mead*, for appellee.

MOORE, J.   This is an action of trespass on the case, brought to recover damages for personal injuries of the plaintiff, caused by the alleged negligence of the defendant, while in its employ at one of its sawmills.   The trial judge directed a verdict for defendant.

It is insisted on the part of the plaintiff that the court erred, *first*, in not submitting the case to the jury, and, *second*, in not permitting the introduction in evidence of an X-ray photograph.   The plaintiff was an adult and at the time of the accident had worked at intervals for five or six years in and about the mill.   Outside the mill and running parallel to it and to each other were two railroad tracks.   Upon these tracks open cars were placed side by side.   The car nearest the mill was reached from the upper story of the mill through a short chute.   The outside car was reached by a longer chute which passed over the track nearest the mill.   Inside the mill was a saw which cut the slabs and other debris into short pieces which then passed to a chain conveyor which took them to the head of the two chutes.   At the head of the chutes on the wall of the mill were slides and by changing them the wood was thrown into one chute or the other as was desired.   Only one car was filled at a time but the conveyor ran continually.   The plaintiff was at work in the dust house about 10 o'clock p. m., when he was requested by the foreman to go with him and help move the loaded car on the outside track.   The cars were moved with a car pusher.   Lanterns were furnished the employés but none was taken at this time.   The plaintiff testified:

"When I got to where the cars which were to be moved were, a slab came and struck me on the arm, and it also struck Charles Olson on the back.   I was about four or five feet from the car when this happened.   The piece of wood which struck me came from the chute from above the car, from the same chute that had loaded the car.   I could hear it coming.   The chunk was about four feet long, one foot wide and seven or eight inches thick; it struck me on the right arm."

Mr. Olson testified that in his judgment the wood did

not come from the chute but as they started to move the car a piece of wood toppled, from it. It is contended on the part of the plaintiff that Mr. Olson was a foreman whose orders he was bound to obey, and that it was the duty of the defendant to furnish plaintiff a safe place in which to work, and that whether it was a safe place and whether plaintiff was guilty of negligence were questions for the jury. It is the claim of defendant that the place furnished was a safe place in which to work and was made unsafe (if it in fact was unsafe) only by the method of operation. It is further claimed that the doctrine of safe place does not apply and that Mr. Olson and the plaintiff were fellow-servants. The circuit judge adopted the theory of the defendant and, as before stated, directed a verdict. It is very clear Olson and plaintiff were both engaged in the simple employment of moving a car, each helping the other. We think it can hardly be said it was an unsafe place to work, if the operation required was properly conducted, but if it was, the only fair inference from plaintiff's own testimony is that he understood the situation, certainly if he had exercised reasonable care during the long time he was employed in the mill — during the previous summer he was employed at the saw at the end of the conveyor — he would have known of the existing conditions. See *Jones* v. *Railroad Co.*, 127 Mich. 206. We think the court was right in holding that Mr. Olson and plaintiff were fellow-servants. See *Andre* v. *Elevator Co.*, 117 Mich. 560, and the cases cited therein; *Livingstone* v. *Plate Glass Co.*, 146 Mich. 236, and cases cited therein.

This conclusion makes it unnecessary to discuss the other assignment of error.

Judgment is affirmed.

McALVAY, C. J., and CARPENTER, and HOOKER, JJ., concurred. OSTRANDER, J., concurred in the result.