THATCHER v. GOTTLIEB.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

No. 329.

1. APPEAL—DECISION—LAW OF THE CASE—SAME FACTS ON NEW TRIAL.
A decision by an appellate court, upon facts found by the court below, that payment of taxes on vacant land was under color of title "made in good faith," becomes the law of the case, binding upon the appellate court on a subsequent writ of error, and upon the trial court on a new trial, when the facts proved to the jury are substantially the same as those originally found.

2. LIMITATION OF ACTIONS—VACANT LANDS — PAYMENT OF TAXES — CONSTRUCTION OF STATUTE.
Under the Colorado statute which declares that any person paying taxes on vacant lands under color of title made in good faith, for five successive years, shall be deemed the legal owner, according to the purport of his paper title, (Gen. St. 1883, § 2187,) no possession whatever is necessary, and the court has no power to read into the statute a condition to that effect.

In Error to the Circuit Court of the United States for the District of Colorado. Affirmed.

J. Warner Mills, (Henry C. Dillon, on the brief,) for plaintiff in error.

R. T. McNeal, (E. T. Wells and John G. Taylor, on the brief,) for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. This case comes before us a second time on a writ of error, which was sued out this time by Thatcher, who was the defendant in error when the case was formerly before this court. The decision on the former hearing, and a full statement of the facts out of which the litigation arises, is reported in 4 U. S. App. 616, 2 C. C. A. 278, 51 Fed. 373. After the record had been remitted to the circuit court, and a judgment had been rendered in favor of the defendant, Gottlieb, pursuant to the mandate and opinion of this court, Thatcher, who had prevailed on the first trial in the circuit court, paid all the costs, and obtained an order vacating the last judgment,

in favor of the defendant, and granting to the plaintiff a new trial, pursuant to section 272 of the Colorado Code of Procedure relating to new trials in suits for the possession of real property. Another trial was then had in the circuit court, which resulted in a verdict in favor of the defendant, Gottlieb. The latter verdict was returned by the jury in obedience to a peremptory instruction directing them to find for the defendant. To reverse the judgment entered on that verdict, the present writ of error is prosecuted. When the case was formerly in this court, it was brought here on a special finding of facts made by the trial judge, a jury having been waived on the first trial. After a full consideration of the facts reported in such special finding, this court held that the deed under which Gottlieb claimed title to the land in controversy constituted color of title; that the facts found and reported by the trial court showed that such color of title was "made in good faith," and, as a matter of law, would not warrant or justify an inference of bad faith; and, lastly, that having paid the taxes legally assessed on the premises in dispute for more than five years, under color of title, made in good faith, Gottlieb thereby became entitled to the premises, under the Colorado statute quoted in our former opinion. Gen. St. Colo. 1883, § 2187. It must be carefully borne in mind that this court cannot review the decision of a circuit court on a question of fact, in a law case, even where a waiver of a jury is filed, but can only decide as to whether the findings are adequate to support the judgment. Walker v. Miller, 59 Fed. 869. Therefore, the decision on the former hearing as to the question of good faith was in fact a decision that the facts reported in the former special finding would not warrant an inference of bad faith, and were insufficient in law to support such a finding. We are not disposed to recede from that position, nor could we do so, for the ruling formerly made has now become the law of the case, if the evidence on the first and last trials is substantially the same. Skillerns v. May's Ex'rs, 6 Cranch, 267; Bridge Co. v. Stewart, 3 How. 413; Barney v. Railroad Co., 117 U. S. 228, 6 Sup. Ct. 654; Dodge v. Gaylord, 53 Ind. 365; Trust Co. v. Coulter, (Or.) 31 Pac. 280; Elliott's App. Proc. § 578.

It is suggested, however, that the testimony bearing on the issue of good faith, which is incorporated in the present record, differs materially from the facts reported in the special finding of the trial judge, which was contained in the former record; and, because of the alleged difference in the testimony, it is urged that the question of good faith should have been submitted to the jury on the last trial, and that the court erred in withdrawing it, and in directing a verdict for the defendant. With reference to this contention, it is quite sufficient to say that we have made a careful examination of the record, with a view of discovering, if possible, any new fact or circumstance which could fairly be regarded as giving to this feature of the case a new complexion, and we have failed to discover any such additional testimony. The evidence on which the former special findings were based was largely of a documentary and record character, and the same documentary and record evidence was adduced at the last trial. Neither do we observe any material differ-

ence between the former findings, which apparently rested on oral testimony, and the facts that were established at the last hearing by verbal testimony. The most that can fairly be said is that in some few instances the same fact or proposition is stated in the respective records in a slightly different form, and that one fact, of no special significance or importance, which is narrated in the seventh paragraph of the former special findings, does not appear to have been either proven or disproven on the last trial. Perhaps we could give no better illustration of the practical identity of the facts established on the respective trials than to allude to the fact that the learned counsel for the plaintiff in error, in attempting to show that there is a material difference in the testimony, has been compelled to place much stress on the circumstance that on the last trial the defendant showed by the testimony of his former attorney, Mr. Brown, that the latter advised the defendant to make a levy on the McCormick note, whereas on the former trial it was found by the circuit court "that before having his execution levied on said note the defendant took the advice of his counsel as to whether the same was subject to levy and sale under execution, and was advised that it was so subject." We confess our inability to comprehend the distinction which is thus attempted to be made between the testimony in the two trials upon this point. But, without pursuing this subject further, it is sufficient to say that we are unable to point out a single fact or circumstance having any material bearing on the question of the defendant's good faith in asserting title to the property in controversy that was not disclosed with equal certainty by the findings in the former record; and this court then held, on full consideration, that the facts found and reported were insufficient to warrant an inference of bad faith. We must accordingly conclude that the circuit court on the last trial properly withdrew that question from the consideration of the jury, for the reason that the evidence bearing on that issue in the respective trials was substantially the same, and this court had already determined the legal effect of such testimony.

It was also contended by the plaintiff in error on the last trial—and this contention was overruled by the circuit court—that section 2187 of the Colorado Statute, supra, cannot be given effect according to its plain and obvious meaning, but that there must be incorporated therein, by judicial construction or legislation, a proviso that the party paying the taxes assessed against vacant land, for five years, under color of title thereto made in good faith, cannot invoke the title or right thus acquired in an action of ejectment brought against him, unless during the five years, or thereafter, he takes actual possession of the premises. Hence it was urged before the circuit court, and the argument is repeated here, that as the lands in dispute had never been actually occupied by the defendant, so far as the proofs show, the payment of the taxes thereon for the period of five years or more—that is to say, from and after April 1, 1879—is of no avail as a defense to the plaintiff's suit. This question was not considered by this court upon the former hearing, because counsel for the plaintiff in error, for some

reason, did not see fit to present or suggest it. The contention thus made is not based upon any decision of the courts of Colorado construing the statute in question, but upon certain decisions of the courts of Illinois construing a similar statute, from which latter state the Colorado statute is said to have been borrowed. In an early case in Illinois (Harding v. Butts, 18 Ill. 502) a similar statute, enacted in that state in 1839, was before the supreme court of that state for interpretation, and it was declared to be unconstitutional. The court seems to have reached the conclusion last stated on the ground that the legislature had not intended the statute to operate as a limitation law, because the act was entitled "An act to quiet possessions and confirm titles to land," and that as an act of the latter nature it was void, because it assumed to transfer the title of the true owner to one having merely color of title, without providing any adequate means whereby the merits of the respective titles could be tried and determined. In other words, it was said to be an act forfeiting a man's title to property if he failed in the race of diligence to get to the tax collector's office first. The court pointed out in its opinion that the act did not provide that the party claiming under color of title, and paying taxes, should be deemed for that reason to be in possession, so as to enable the true owner to bring a suit in ejectment against him; and it expressly declared that in Illinois such an action would not lie against a person who simply had color of title to vacant land, and had paid the taxes thereon. Vide Harding v. Butts, 18 Ill. 510. We think it manifest from that decision that the court acted upon the assumption that a person who simply paid taxes on vacant land under color of title, and exercised no other acts of ownership, could not be successfully sued in ejectment by the holder of the true paper title, and that the sole defect in the statute was that it provided no adequate means whereby the true owner could assert his title to unoccupied lands against one who was disposed to divest him of the same by paying the taxes assessed thereon. The decision in Harding v. Butts was subsequently overruled, in so far as it declared the statute in question to be unconstitutional; but that decision, obviously, had a very marked influence on all subsequent adjudications, and gave rise to many conflicting views, which led to an important modification of the terms of the statute before such conflicting views were finally reconciled. The doctrine which now seems to obtain in that state is that the payment of taxes on vacant land under color of title, for any length of time, will not operate as a bar to the claim of the holder of the superior title, unless the party so paying taxes has at some time taken actual possession; but if such possession is taken for a space of time, however short, after the payment of taxes has been commenced, such possession for a day or an hour, coupled with the payment of taxes for the statutory period, operates to create a perfect legal title, upon which a recovery can be had in ejectment, even as against the holder of the true paper title, if the latter succeeds, in any manner, in getting possession. Newland v. Marsh, 19 Ill. 376; Stearns v.

Gittings, 23 Ill. 387; Paullin v. Hale, 40 Ill. 276; McCagg v. Heacock, 42 Ill. 153; Hale v. Gladfelder, 52 Ill. 91; Whitney v. Stevens, 77 Ill. 585. We have failed, however, to discover any adjudicated case in the state of Illinois which explicitly holds that the payment of taxes on vacant land constitutes such an act of ownership or claim of title as will in itself suffice to support an action of ejectment in the courts of that state.

When section 2187 (Gen. St. 1883) was first enacted in Colorado, it was declared to be a limitation law. Vide Laws Colo. 1887, p. 177. The state was then a new state, having within its borders a great quantity of vacant and unoccupied land; and one of the obvious purposes of the enactment was to furnish to the owners of such lands an inducement to pay their taxes promptly, by making the payment of taxes tantamount to. adverse possession, and prescribing a short period of limitation. This purpose is as manifest from the face of the enactment as though it was expressly stated therein; and the statute itself is clear, concise, and unambiguous, leaving little room for interpretation, and no reasonable doubt of the object of the lawmaker. Moreover, it has always been the law in the state of Colorado—and the present action illustrates the rule—that a suit for the possession of real estate may be maintained against one who has committed no other act of ouster than paying the taxes on vacant land under a claim of title thereto. In view of these considerations, the objections that were first urged against the validity of the Illinois statute in that state, and which subsequently led to a modification of its terms by judicial interpretation, have no application to the Colorado statute now under. consideration. Its language is plain, its purpose is manifest, the period of limitation prescribed is reasonable, and we are persuaded that if the legislature of the state of Colorado had intended to adopt in that state the important qualifying provisions which have been added to it elsewhere by judicial construction, and which tend to defeat its manifest purpose, it would have done so by appropriate language, rather than have left them to be supplied by inference. It must be conceded on all sides that there is nothing in the phraseology of the statute to indicate, or even to suggest, that the payment of taxes for the statutory period of five years will be of no avail unless accompanied by a transitory possession of the premises for a few days or for a few hours; and that view is so wholly arbitrary, and contrary to the apparent intent of the lawmaker, that it does not commend itself to our judgment as a sound exposition of the statute in Colorado, where it has always been regarded as a limitation law, and where the courts have always upheld the right to bring a suit for the possession of vacant land against one who merely pays the taxes thereon under a colorable title. The statute under consideration has now been in force in Colorado for nearly 20 years; and it is a little remarkable, if the construction contended for by the plaintiff in error meets with the approval of any considerable number of the legal profession in that state, that some evidence of the fact cannot be found in the judicial decisions of the state.

The result is that we have been constrained to hold that the payment of taxes pursuant to the provisions of section 2187 for a period of more than five years, under color of title made in good faith, was a good and sufficient defense to the present suit.

Wherefore, the judgment of the circuit court must be, in all things, affirmed.