### TOWN OF FLETCHER v. HICKMAN.*

(Circuit Court of Appeals, Eighth Circuit. March 29, 1905.)

No. 2,019.

1. MUNICIPAL CORPORATIONS—BOARD OF TRUSTEES—MEETINGS—ORDINANCES—VALIDITY—PRESUMPTIONS.

An adjourned regular meeting of a town board, at which a quorum was present, was adjourned to June 5, 1891, when, no quorum being present, the meeting was adjourned to June 8th, at which there was a quorum, and an ordinance authorizing a bond issue for waterworks was duly passed. At this meeting the mayor and four of the six trustees assembled at a time when a legal session was possible and transacted other business of importance, disclosed by the minutes of the meeting in the town records. Held, that it would be presumed, if necessary, in favor of bona fide holders of bonds issued under such ordinance, who had no knowledge of their invalidity, excepting as shown by the town records, that the meeting at which the ordinance was passed was a special one, of which the two absent trustees were duly advised, as well as of the matters to be then considered, and that the ordinance was therefore not invalid because the regular meeting died on June 5th because of the absence of a quorum.

2. SAME—PUBLICATION—PRIMA FACIE EVIDENCE—BURDEN OF PROOF.

Under a Colorado statute requiring that all town ordinances, after their passage, shall be recorded in a book styled "Book of Ordinances," which shall be considered in all the courts of the state as prima facie evidence that the ordinances appearing therein have been published as provided by law, where an ordinance authorizing the issuance of waterworks bonds was duly recorded in the book of ordinances, the burden was on the town, in an action on coupons detached from the bonds issued under such ordinance, claiming that the ordinance was void for want of publication, to prove such fact by affirmative evidence.

3. SAME—EVIDENCE.

A Colorado statute provided that, to be effective, the ordinances of a town must be published in some newspaper published within its corporate limits, or, if none, in one of general circulation therein, or otherwise by posting copies in three public places designated by the board of trustees, and that the record of an ordinance in the "Book of Ordinances" shall be prima facie evidence of publication as provided by law. Held, that where an ordinance authorizing the issuance of waterworks bonds was duly recorded in the "Book of Ordinances," and there was no newspaper published or in circulation in the town, the prima facie due publication of the ordinance was not overcome by proof that no places for posting were

---

* Rehearing denied May 17, 1905.

designated by the board of trustees prior to the date of the bonds, not shown to have been the date of their actual issue.

4. SAME—BONDS—ISSUANCE—CONSPIRACY—EVIDENCE.

Where, in an action on coupons cut from water bonds issued by a town, it was admitted that plaintiff was a bona fide purchaser of the coupons in the open market, without any knowledge of their invalidity, except such as appeared on the records of the town, and there was no evidence in such records of a conspiracy, or any fraudulent act, in connection with the execution or delivery of the bonds, with their attached coupons, parol evidence was inadmissible to show a fraudulent conspiracy between the mayor and certain trustees of the town, and that the bonds were issued in pursuance thereof.

[Ed. Note.—Bona fide purchasers of municipal bonds, see note to Pickens Tp. v. Post, 41 C. C. A. 6.]

In Error to the Circuit Court of the United States for the District of Colorado.

This writ of error challenges a judgment recovered by Hickman upon coupons detached from bonds issued by the town of Fletcher, Colo., in the acquisition of a system of waterworks. The defenses urged were the invalidity of the ordinance authorizing the issue of the bonds and a fraudulent conspiracy between the mayor and a majority of the trustees, resulting in the incorporation of the town, their own election as officers, and in the issue of the bonds in the purchase of a property which was alleged to be comparatively worthless.

Guy Le Roy Stevick (O. N. Hilton, on the brief), for plaintiff in error.

Thomas K. Skinker, for defendant in error.

Before SANBORN and HOOK, Circuit Judges, and LOCHREN, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended by counsel for plaintiff in error that the ordinance was invalid for the reason that it was not passed at a legal meeting of the board of trustees of the town, and also because it was not published as required by the Colorado statute. The records of the board of trustees showed that at an adjourned regular meeting of that body, held on June 3, 1891, at which was present a legal quorum, a further adjournment to June 5th was ordered, and on the latter day, no quorum being present, the meeting was adjourned to June 8th, at which time there was a quorum, and the ordinance was passed by the requisite number of votes. The particular contention is that, because of the absence of a quorum on June 5th, the meeting died as matter of law, there could have been no legal adjournment thereof, and therefore the meeting at which the ordinance was adopted was wholly unauthorized. But we cannot assent to this conclusion. The mayor and four of the six trustees were present and acted in the passage of the ordinance. They assembled at a time when a legal session was possible and transacted other business of importance. The minutes of the meeting were duly entered and still remain upon the public records of the town. It is not essential that every step leading up to the assemblage of a city council

or connected with proceedings which are within the general powers conferred upon it be shown with that degree of strictness which is required in tracing title to realty back to its fountain head. There is a presumption, which is in accord with a wise public policy, in favor of the regular and rightful performance of official duty by public officers. "Omnia præsumuntur rite et solemniter esse acta donec probetur in contrarium." And when, as in this case, many years after the passage of an ordinance out of which substantial rights have grown, it is assailed upon such a ground as that here presented, it may be assumed, if necessary, that the meeting was a special one, and that the two absent trustees were duly advised thereof and of the matters to be then considered and passed upon.

In Knox County v. Bank, 147 U. S. 91, 97, 13 Sup. Ct. 267, 269, 270, 37 L. Ed. 93, it was said:

"The election was held, the votes cast at that election were canvassed by the proper officers, and an order made by the county court for a subscription in accordance with the terms of the order for the election. From these facts it may be presumed that proper notices of the election were given; for it is a rule of very general application that, where an act is done which can be done legally only after the performance of some prior act, proof of the later carries with it a presumption of the due performance of the prior act."

An instructive case is Rutherford v. Hamilton, 97 Mo. 543, 11 S. W. 249. It involved the validity of a special tax bill. The contract for the work required the approval of the city council. That body met in regular session July 8, 1881, and adjourned to meet "in a week from" that night. The next record of a meeting was of July 16, 1881, when the mayor and eight of the ten councilmen were present and transacted business, among which was the approval of the contract in question. The court said:

"Nothing is stated regarding the cause of their assembling. It may have been upon special call of the mayor, or in supposed compliance with the adjournment of eight days before. It appears that regular municipal business was transacted and a record thereof was preserved in the usual way by the proper officer. In the absence, therefore, of any evidence to the contrary, it will be presumed that these public officers rightly acted in the premises and that the meeting was properly convened."

In Duluth v. Krupp, 46 Minn. 435, 49 N. W. 235, it was held that the same presumptions obtain that a city ordinance was legally passed as in the case of an act of the Legislature.

In Freeholders v. State, 24 N. J. Law (4 Zab.) 718, it was held that, if any proceeding of a municipal corporation be had at an adjourned meeting, it will be presumed, until the contrary is shown, that the meeting was rightly adjourned, and that it is not necessary that the facts showing the proper convening should appear upon the face of the proceedings.

See, also, Scott v. Paulen, 15 Kan. 162, 167; Downing v. Miltonvale, 36 Kan. 740, 14 Pac. 281; O'Mally v. McGinn, 53 Wis. 353, 10 N. W. 515; Town of Eldora v. Burlingame, 62 Iowa, 32, 17 N. W. 148; Atchison Board of Education v. DeKay, 148 U. S. 591, 601, 13 Sup. Ct. 706, 37 L. Ed. 573.

A statute of Colorado provided that, to be effective, the ordinances of a town must be published in some newspaper published within

its corporate limits, or, if there be none, in one of general circulation therein, or, if there be neither, the publication shall be made by posting copies of the ordinance in three public places in the town, to be designated by the board of trustees. The evidence showed that since its incorporation there was no newspaper in which publication could legally be made. There were then introduced in evidence copies of the town records covering the period from the incorporation of the town until and including July 1, 1891, which was the date of the bonds from which the coupons in suit were detached, and they showed no action of the board of trustees designating the places and no posting of the ordinance. There was no evidence, however, that the ordinance had not been posted at places designated after the date of the bonds. It is claimed in this connection that a designation of the public places by the board of trustees was essential; that, in the absence thereof, there could have been no lawful posting; and that, as the records introduced in evidence covered the period down to the date of the bonds, no inference or presumption could be indulged in that there was a designation of places and a posting after that time. The statute referred to also required that all ordinances, after their passage, be recorded in a book styled "Book of Ordinances," which should be considered in all the courts of the state as prima facie evidence that the ordinances appearing therein had been published as provided by law. The ordinance in controversy was duly recorded in the book of ordinances, and it therefore devolved upon the town to overcome that proof of the publication by affirmative evidence.

It is to be observed that the contention of the plaintiff in error is predicated upon the assumption that the date of the bonds was the time of their issue, and that a designation of the places for posting and a posting of the ordinance after the bonds were issued could serve no lawful purpose. But there is no presumption that the date of the bonds is the date of their actual emission or issue. It is the common practice to fix an arbitrary date for municipal bonds, and their issue on the day of their date is of exceptional occurrence. It is common knowledge that the 1st day of July is one of the conventional days for the dating of bonds, and, moreover, it appears from the very ordinance before us that that date was arbitrarily selected in advance, without regard to the exact time of the consummation of the transaction by the delivery of the bonds.

In Village of Kent v. Dana, 100 Fed. 56, 40 C. C. A. 281, it was held that the fact that municipal bonds bore a date prior to the time the ordinance authorizing their issue went into effect was insufficient to defeat a recovery on the bonds by a bona fide holder, where there was no proof of the date of their actual issue, and their premature issue would have been contrary to the recitals on the face of the bonds.

In Perkins County v. Graff, 114 Fed. 441, 52 C. C. A. 243, this court had occasion to consider an objection quite similar to the one now being discussed. In that case a statute of Nebraska under which certain bonds were issued required the publication of a notice for two successive weeks prior to the issuing of the bonds. The

recitals in the bonds showed that but ten days intervened between the order of the county commissioners for the publication and the date of the bonds, and it was therefore contended that the bonds were invalid upon their face. It was held, however, that the date of the bonds did not evidence the date of their issue.

We have here prima facie evidence of the due publication of the ordinance in controversy, arising from the fact of its record in the book of ordinances; and such proof is certainly not overcome by an inadmissible assumption that the bonds were issued on the day of their date, and that there was no designation of places or posting thereafter.

The objections to the validity of the ordinance being untenable, and the ordinance being valid, the mayor, treasurer, and recorder of the town, being therein so directed, had full authority to sign the bonds as the proper representatives of the board of trustees. Under the statute the mayor was a member of the board and the chief executive officer of the town, and the recorder, being the clerk, was the custodian of its records and its corporate seal.

Parol testimony was offered to sustain the defense of fraudulent conspiracy between the mayor and certain trustees, but it was excluded by the Circuit Court. This ruling was correct. There was an agreement between the parties that the defendant in error was a bona fide purchaser of the coupons in the open market, "without any knowledge of their invalidity save and except such as appears upon the records of the town of Fletcher." There was no evidence in the town records of such conspiracy, or of any fraudulent or unlawful act in connection with the execution or delivery of the bonds with their attached coupons. The law of the state authorized the issue of bonds for the purchase of waterworks, the ordinance required by the statute was duly adopted and published, the purchase of the waterworks was made, and the negotiable bonds of the town were issued. So far as the records showed, all of the conditions surrounding the due exercise of the statutory power conferred upon the board of trustees had been performed. Under the stipulation of the parties the defendant in error was cognizant of these things, but ignorant of all else affecting the validity of the bonds or the coupons, which he purchased in good faith. Under such circumstances it was not his duty to go behind the records of the municipality, and inquire into the conduct and motives of public officials, who, being invested with authority to act, had apparently conducted themselves within its limitations.

In reaching these conclusions we have passed by the comprehensive recitals in the bonds of full compliance with all precedent and concurrent conditions imposed by law, and therefore we need not consider who had authority to make them, whether the board of trustees, or the mayor, treasurer, and recorder, whom they directed to act.

The judgment of the Circuit Court is affirmed.