## HICKMAN v. TOWN OF FLETCHER.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1912.)

No. 3,544.

1. JUDGMENT (§ 720*)—RES JUDICATA—IDENTITY OF ISSUES.

Where, in an action on coupons taken from municipal bonds, defendant pleaded as a defense that the bonds were void because the ordinance under which they were issued was not published as required by the statutes of the state, and such issue was specifically considered and determined by both the trial and appellate courts which held the bonds valid, the

judgment in such action is conclusive in a subsequent action between the same parties on the bonds themselves, or on subsequent maturing coupons.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

2. JUDGMENT (§ 720*) — CONCLUSIVENESS OF ADJUDICATION — MATTERS CONCLUDED.

A question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is upon a different cause of action, the right, question, or fact so determined must, as between the parties or their privies, be taken as conclusively established, so long as the judgment remains unmodified.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

In Error to the Circuit Court of the United States for the District of Colorado.

Action at law by Samuel G. Hickman against the Town of Fletcher. Judgment for defendant, and plaintiff brings error. Reversed.

See, also, 165 Fed. 403, 91 C. C. A. 353.

W. H. Bryant (Charles S. Thomas, George L. Nye, and Wm. P. Malburn, on the brief), for plaintiff in error.

William A. Bryans and John A. Gordon, for defendant in error.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

REED, District Judge. This action was brought by the plaintiff in error against the town of Fletcher, Colo., a suburb of the city of Denver, to recover upon certain negotiable bonds and interest coupons thereon, issued by the defendant in 1891, in payment of a system of waterworks acquired by the town in that year. From a judgment for the defendant upon the bonds and the later interest coupons thereon the plaintiff brings error.

This is the third appearance in this court of the controversy between these same parties over these bonds and semiannual interest coupons thereon. The first was an action brought in 1903, by the plaintiff, who had purchased $69,000 of the bonds, upon the interest coupons thereon that had matured prior to the commencement of that suit, for which he recovered judgment against the defendant, which judgment was affirmed by this court in Town of Fletcher v. Hickman, 136 Fed. 568, 69 C. C. A. 350. The second was an action brought by the plaintiff in 1905, against the defendant, upon (1) the judgment recovered in the action above mentioned; and (2) the interest coupons on the same bonds which had matured since the commencement of the first action and the coupons upon three other bonds of the same series, which the plaintiff had subsequently purchased, and for which the plaintiff recovered judgment, which was affirmed by this court in Town of Fletcher v. Hickman, 165 Fed. 403, 91 C. C. A. 353. The present action was brought by the plaintiff June 30, 1909, against the defendant upon (1) the judgment in the

second suit above mentioned; and (2) the bonds from which the coupons were taken in that suit, 72 in all; and (3) coupons maturing upon said bonds since the commencement of the second action. The Circuit Court rendered judgment for plaintiff upon the first cause of action, viz., the judgment for interest recovered in the second action above mentioned, and for defendant upon the causes of action based upon the bonds themselves and the interest coupons maturing thereon since the commencement of the second action.

The bonds are for $1,000 each, dated July 1, 1891, due in 15 years, with coupons attached for the semiannual interest thereon, and were issued pursuant to a statute of Colorado and an ordinance of the town of Fletcher authorizing their issuance. Each bond contains a recital that it was issued pursuant to an ordinance of the town of Fletcher, irrepealable until the payment of the bonds, and by virtue of and in full compliance with said ordinance and the act of the General Assembly of the state of Colorado authorizing their issuance, and that all acts, conditions, and things requisite to be done precedent to, and in the issuing of said bonds, have been done, happened, and performed, in regular and due form as required by law. There was also printed upon each of the bonds so much of the Municipal Corporation's Act of Colorado as grants to municipalities in that state the power to issue bonds for the purpose of acquiring systems of waterworks; also the ordinance of the town under which the bonds were issued.

The defense pleaded and relied upon is that the ordinance under which the bonds were issued was not published as required by the Colorado statute in force when it was passed, and that it, and the bonds issued pursuant thereto, were therefore void. To this defense the plaintiff replied (1) that the judgments in the prior actions above mentioned were res adjudicata of the questions of the validity of the ordinance and of the bonds issued pursuant thereto; and (2) the recitals in the bonds above referred to.

[1] The only question that we deem it necessary to consider is that raised by the plea of res adjudicata. In the first case before this court (136 Fed. 568, 69 C. C. A. 350), it was pleaded by the town as a defense to the action (1) "that the ordinance was invalid for the reason that it was not passed at a legal meeting of the board of trustees of the town, and (2) that it was not published as required by the Colorado statute." Both of these defenses were overruled by the Circuit Court, and its judgment was affirmed by this court. Judge Hook, speaking for this court in affirming the judgment, said:

"A statute of Colorado provided that, to be effective, the ordinances of a town must be published in some newspaper published within its corporate limits, or, if there be none, in one of general circulation therein, or, if there be neither, the publication shall be made by posting copies of the ordinance in three public places in the town, to be designated by the board of trustees. The evidence showed that since its incorporation there was no newspaper in which publication could legally be made. There was then introduced in evidence copies of the town records covering the period from the incorporation of the town until and including July 1, 1891, which was the date of the bonds from which the coupons in suit were detached, and they showed no action of the board of trustees designating the places, and no posting of

the ordinance. * * * The statute referred to also required that all ordinances, after their passage, be recorded in a book styled 'Book of Ordinances,' which should be considered in all the courts of the state as prima facie evidence that the ordinances appearing therein had been published as provided by law. The ordinance in controversy was duly recorded in the book of ordinances, and it therefore devolved upon the town to overcome that proof of the publication by affirmative evidence."

It was thereupon adjudged upon an issue directly challenging the validity of the ordinance because it was not published in the manner and as required by the Colorado statute, that the ordinance was valid, and that the coupons taken from the bonds issued thereunder were the valid obligations of the town.

In the second case (165 Fed. 403, 91 C. C. A. 353) the defendant again challenged the validity of the ordinance because it was not published as required by the Colorado statute. It does not appear from the record before us that the plaintiff in that case pleaded the prior judgment as res adjudicata of the question of the validity of the ordinance, and the question of res adjudicata was not considered; but the question of the validity of the ordinance was again considered, and the ordinance and the coupons there involved were again adjudged to be valid. In affirming that judgment, Judge Adams, speaking for this court, said:

"It is next contended that the ordinance of the town of Fletcher which purported to authorize the issue of bonds from which the coupons in controversy came is invalid because not published as required by law, and that the plaintiff Hickman was not an innocent holder for value of the bonds. The validity of this issue of bonds has been passed upon by this court in a former suit between these parties to recover on other unpaid coupons taken from them [citing the former case in this court]. In that case this court considered the present contention of the town relating to the invalidity of the ordinance. One of the vital contentions then considered and upon which the town now chiefly relies was that the ordinance authorizing the issue of the bonds was not published as required by law."

The statute of Colorado authorizing towns and cities by ordinance to contract an indebtedness and issue bonds for the purpose of acquiring a system of waterworks is then referred to and quoted. Testimony is then referred to which it was claimed by the defendant showed that the ordinance was never posted, and that there were no papers published, or of general circulation in the town in which the ordinance could have been legally published. The judgment was thereupon affirmed.

From these excerpts from the opinions in the former cases it appears that the validity of the ordinance was directly challenged in each case upon the specific ground upon which it is now challenged in this case, viz., that it was never posted or published as required by the statute of Colorado in force when the ordinance was passed, and that upon the trial of the second case it attempted to show that there were no papers published or of general circulation in the town. In this case the defendant's answer in the second of the above cases was put in evidence by the plaintiff in support of the plea of res adjudicata; and in that it is distinctly alleged that the ordinance was void because not posted or published as required by the Colorado statute; that

it "was never published in any newspaper published within the limits of the said corporation or elsewhere." In the present case the defendant in its amended answer alleges that the ordinance in question was never published in any newspaper published or having a general circulation within the limits of said corporation or elsewhere. It is then alleged that there were papers (naming them) published in the city of Denver which did have a general circulation within the limits of the town of Fletcher during the year in which the ordinance was passed, but that the ordinance was never published in any of said papers. Upon this trial the defendant was permitted, over the objections and exceptions of the plaintiff, to show that the several papers named did circulate in the town of Fletcher during the year 1891, and prior to the passage of the ordinance in question, contrary to its allegations and proofs in the second case that there were no such papers, but that the ordinance was never published in any of said papers; and therein is the only difference between the prior cases and this upon the question of the validity of this ordinance. But this is a difference in evidence only, and not in the ultimate question involved and determined in each of the cases.

The defendant seeks to avoid the effect of these prior adjudications upon the ground that the demands sued upon in this action are other and different demands or causes of action than those upon which the prior suits were brought. It may be conceded that the causes of action are different, for each bond and each coupon is a separate cause of action. The identity of the demands or causes of actions in the two suits is, however, not alone the test by which the conclusiveness of an estoppel by judgment is determined, but it is the identity of the questions in issue and actually determined in the prior action, with those involved in the action in which the prior judgment is pleaded as an estoppel. This identical question was determined by this court in the recent case of Fitch v. Stanton Township et al. (C. C. A.) 190 Fed. 310. In that case the complainant, Fitch, brought suit to recover upon a number of coupons attached to certain bonds issued by the predecessor of the defendant townships, together with the interest thereon after maturity. As an estoppel against the complainant the defendants pleaded that in a prior suit by the firm of which complainant was a member against the predecessor of the defendants upon prior interest coupons upon the same bonds, it was adjudged that the bonds were void. To avoid the effect of such prior adjudication, the complainant in that suit, as the defendant does here, contended that the coupons upon which the suit was brought were other and different demands or causes of action than those involved in the prior suit, to which the plea of estoppel would not apply. Of this contention it was said:

"Finally, it is urged that the coupons involved in this suit are other and different coupons than those involved in the prior suit in the state court, and that the judgment there is not conclusive of the appellant's right to recover upon these coupons. But the right to recover any interest upon the bonds in question depends upon their validity in the hands of the appellant, or the copartnership of which he was a member; and, if the bonds themselves were void in their inception, no interest will ever accrue thereon.

The validity of these bonds was directly involved in that suit, and it was there adjudged that they were void. The estoppel against the appellant resulting from that judgment is not dependent upon the demand involved in this suit being the same as that involved in that suit; but is dependent upon the questions here involved being identical with those involved in and determined by that suit [citing authorities]. The identity of such questions being established, the fact that the coupons for interest here are for interest accruing later upon the same bonds, for which the coupons in the former suit were given, in no manner affects the estoppel arising from the judgment in that suit."

In the prior actions between these parties it was essential, to a judgment for the defendant, that it prove that the ordinance in question was void for want of publication as required by the Colorado statute. The record of the ordinance in the "Book of Ordinances" is prima facie evidence of its validity, and it was incumbent upon the defendant to overcome such prima facie evidence. It was bound to offer all of the evidence obtainable upon that question, or take the chances of the ordinance being adjudged valid under the prima facie proof of its validity. Whether or not it offered all such evidence is not now material, for, if it did not, those judgments are no less conclusive upon that question, because the effect of such judgment as an estoppel is not dependent upon the evidence offered upon those trials, but upon the fact that the invalidity of the ordinance was a question directly in issue and was determined in each case. Having been so determined, the judgments, remaining unmodified, are conclusive of that question between these parties and their privies. Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683–691, 15 Sup. Ct. 733, 39 L. Ed. 859; Russell v. Place, 94 U. S. 606–608, 24 L. Ed. 214; Southern Pacific R. R. Co. v. United States, 168 U. S. 1–48, 18 Sup. Ct. 18, 42 L. Ed. 355; Board of County Commissioners v. Sutliff, 97 Fed. 270–274, 38 C. C. A. 167; Fitch v. Stanton Twp. above, and cases there cited.

[2] The general principle deducible from these and other cases is that a question or fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies. And, even if the second suit is upon a different cause of action, the right, question, or fact so determined must, as between the parties or their privies, be taken as conclusively established so long as the judgment remains unmodified. This rule, said Mr. Justice Harlan, in Southern Pacific R. R. Co. v. United States, above, 168 U. S. at page 49, 18 Sup. Ct. at page 27, 42 L. Ed. 355, "is demanded for the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination." The contention of the defendant cannot be sustained.

A jury was waived in writing and the cause tried to the court who found as a fact (from evidence admitted over the objection and exceptions of the plaintiff that the validity of the ordinance had been determined in the prior cases) that the ordinance in question was not published as required by the Colorado statute and was therefore void; and, as a conclusion of law, that the prior adjudications were

not conclusive against the defendant upon that question, as to the causes of action based upon the bonds themselves and the coupons thereon maturing since those included in the former judgments. In admitting such testimony, and so finding and adjudging, the Circuit Court erred. Its judgment should have been in favor of the plaintiff upon the bonds and the interest coupons maturing since those included in the prior actions, as well as for the judgment in the second of the actions above mentioned.

The judgment of the Circuit Court is therefore reversed, and the cause remanded, with directions to grant a new trial and otherwise proceed in accordance with the principles laid down in this opinion.