### TOWN OF FLETCHER v. HICKMAN.

(Circuit Court of Appeals, Eighth Circuit. September 26, 1913.)

No. 3,952.

*(Syllabus by the Court.)*

APPEAL AND ERROR (§§ 1097, 1195*)—LAW OF THE CASE—FACTS—CONCLUSION.
Legal propositions once considered and decided in a given case by the appellate court may not be again questioned in that court on a subsequent writ or appeal to review a second trial of the same case on the same issues and evidence. Such propositions are res adjudicata between the parties to that suit and their privies and constitute the law of the case. On a review of the former trial of the case, this court held the defendant estopped, by judgments in other actions between the same parties, from introducing evidence to show that the bonds in suit were void because the ordinance under which they were issued had not been properly published. *Held*, the defendant was estopped by that decision from introducing on the second trial, under the same issues and in the same state of the evidence, evidence to defeat any of the bonds pleaded at the first trial on the ground that the ordinance was not duly published.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427, 4661–4665; Dec. Dig. §§ 1097, 1195.*]

In Error to the District Court of the United States for the District of Colorado; Robert E. Lewis, Judge.

Action by Samuel G. Hickman against the Town of Fletcher. Judgment for plaintiff, and defendant brings error. Affirmed.

William A. Bryans, of Denver, Colo., for plaintiff in error.

William P. Malburn, of Denver, Colo. (W. H. Bryant and George L. Nye, both of Denver, Colo., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and WILLARD, District Judge.

SANBORN, Circuit Judge.   The controversy between the parties to this action has narrowed to the single question whether or not by the prior adjudications of the question whether or not ordinance No. 10 of the town of Fletcher was published as provided by law the town is estopped from asserting that it was not so published, for the purpose of defeating a recovery on its three bonds for $1,000 each, numbered 89, 97, and 98, which were part of the 150 bonds which it issued under that ordinance on July 1, 1891, for the purpose of raising money to buy waterworks.   The statute of Colorado (section 4443 of Mills' Ann. Stat. 1891) required the publication of such an ordinance in the manner therein described and declared that it should not be in force until five days after its publication and that the record of it in the town's book of ordinances should be prima facie evidence that it was legally published.   In 1903 Hickman was the owner of 69 of the 150 bonds but not of the three bonds numbered 89, 97, and 98.   In that year he brought suit against the town on some of the coupons attached to his 69 bonds; the town defended on the ground that the coupons and the bonds were void because its ordinance No. 10, under which they were issued, had not been published; the court rendered a judgment against the town for $20,789.20, the amount claimed, which was subsequently affirmed by this court on the ground that the record of the ordinance in the book of ordinances was prima facie evidence of its publication, and the town had failed to prove that it was not duly published.   Town of Fletcher v. Hickman, 136 Fed. 568, 69 C. C. A. 350.   In 1905 Hickman brought a second action on (1) the judgment just mentioned and (2) the coupons attached to his 69 bonds which had matured after he brought his first action.   The town defended the causes of action upon the coupons on the ground that they and the bonds to which they were attached were void because its ordinance No. 10, under which they were issued, had not been published; the court rendered a judgment for the amount claimed by Hickman, $62,216.72, on May 15, 1907, and that judgment was affirmed by this court on the ground that the record of the ordinance in the book of ordinances was prima facie evidence of its publication and the town had failed to prove that it was not legally published. Town of Fletcher v. Hickman, 165 Fed. 403, 407, 91 C. C. A. 353, 357.

On June 30, 1909, Hickman had purchased and was the owner of the three bonds now in question numbered 89, 97, and 98, and he brought the action now in hand on (1) the judgment for $62,216.72, (2) the 72 bonds, and (3) the coupons attached to the 72 bonds which had matured after the commencement of his second action.   The town defended itself against a recovery on the bonds and coupons on the

ground that they were void because its ordinance No. 10, under which they were issued, had not been published. Hickman replied that the town was estopped to make this defense by the fact that, at the trial of the former causes of action between the same parties, the issue whether or not the ordinance No. 10 had been published as provided by law had been actually litigated and adjudged in his favor. At the first trial of this action the 72 bonds, the coupons attached to them, and the pleadings and judgments in the two prior actions were received in evidence. In this state of the case the town offered evidence that ordinance No. 10 was not duly published, to which counsel for Hickman objected on the ground that the issue regarding its publication was res adjudicata by reason of the adjudications of it in the two prior actions between the same parties. The trial court admitted this evidence and Hickman took an exception. At the close of the trial the court rendered a judgment for Hickman on the former judgment but found that the ordinance was not properly published, that the question of its publication was not res adjudicata between the parties, and rendered a judgment in favor of the town upon the causes of action upon the bonds and coupons. Hickman sued out a writ of error, and this court reversed the judgment below on the ground that the question of the publication of the ordinance was res adjudicata and the admission of the evidence that it was not published error, and directed the trial court to grant a new trial and to proceed according to the principles laid down in the opinion of this court. The controlling principle laid down in that opinion was that:

"A question of fact distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties or their privies. And, even if the second suit is upon a different cause of action, the right, question, or fact so determined must, as between the parties or their privies, be taken as conclusively established so long as the judgment remains unmodified."

At the end of the opinion this court stated its conclusion in these words:

"A jury was waived in writing and the cause tried to the court who found as a fact (from evidence admitted over the objection and exceptions of the plaintiff that the validity of the ordinance had been determined in the prior cases) that the ordinance in question was not published as required by the Colorado statute and was therefore void; and, as a conclusion of law, that the prior adjudications were not conclusive against the defendant upon that question, as to the causes of action based upon the bonds themselves and the coupons thereon maturing since those included in the former judgments. In admitting such testimony and so finding and adjudging, the Circuit Court erred. Its judgment should have been in favor of the plaintiff upon the bonds and the interest coupons maturing since those included in the prior actions, as well as for the judgment in the second of the actions above mentioned." Hickman v. Town of Fletcher, 195 Fed. 907, 912, 913, 115 C. C. A. 595, 600, 601.

After the mandate was received by the court below it tried this case again on the same evidence that was introduced at the first trial and rendered a judgment against the town upon the 72 bonds and

upon the coupons maturing since the commencement of the second action, and counsel for the town concede that this judgment is right as to the coupons and as to all the bonds, except Nos. 89, 97, and 98, but they contend that the town is not estopped to defeat a recovery on these three bonds because neither they nor any of the coupons from them were in suit in either of the two prior actions. There are many reasons why this position is untenable, but there is one so conclusive that it is useless to recite the others. The record before this court on the review of the former trial of this action disclosed the facts that these three bonds were introduced in evidence and that neither they nor any coupon from any of them had been sued in either of the former actions. If, in the opinion of this court, the town was not estopped by the judgments in the former actions from proving that ordinance No. 10 was not duly published for the purpose of defeating a recovery on these three bonds, or on any bond or coupon in evidence at the first trial, the evidence which the town offered that the ordinance was not published was competent and admissible and the judgment of the trial court should not have been as directed by this court in its opinion, "in favor of the plaintiff upon the bonds," but it should have been in favor of the plaintiff upon 69 of the bonds and in favor of the defendant upon the 3 bonds now in controversy and upon any coupon attached thereto. This court, however, directly decided and clearly declared that the court below was in error in admitting any of the evidence of no publication of the ordinance for any purpose, and that its judgment should have been for the plaintiff upon all the bonds and coupons. That decision is now the law of this case. The issues and the evidence at the second trial differ in no material respect from those at the first trial. A legal proposition once considered and decided in a given cause by an appellate court may not be again questioned in that court on a subsequent writ or appeal to review a subsequent trial of the same case on the same issues and evidence. Such propositions are res adjudicata between the parties to that suit and their privies and constitute the law of the case. Thompson v. Maxwell Land Grant & Railway Co., 168 U. S. 451, 456, 18 Sup. Ct. 121, 42 L. Ed. 539; Guarantee Co. of North America v. Phenix Ins. Co., 124 Fed. 170, 174, 59 C. C. A. 376, 380; Balch v. Haas, 73 Fed. 974, 20 C. C. A. 151; Thatcher v. Gottlieb, 59 Fed. 872, 8 C. C. A. 334; Board of Com'rs v. Geer, 108 Fed. 478, 47 C. C. A. 450; Denver & Rio Grande R. R. Co. v. Arrighi, 141 Fed. 67, 72 C. C. A. 400; Mutual Reserve Fund Life Ass'n v. Ferrenbach, 144 Fed. 342, 75 C. C. A. 304, 7 L. R. A. (N. S.) 1163; Crotty v. Chicago Great Western Ry. Co., 169 Fed. 593, 596, 95 C. C. A. 91.

The court below was of this opinion, and its judgment must be affirmed. It is so ordered.