## MEYER & CHAPMAN STATE BANK v. FIRST NAT. BANK OF CODY.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1923.)

No. 5923.

1. **Appeal and error ⊚⊃1097(1)—Former decision is law of the case, when facts the same.**

In the federal courts, decision on writ of error or appeal becomes the law of the particular case, unless evidence differs in material respects on second hearing, and question of law or fact determined on the first trial cannot be reconsidered on second appeal or writ of error, when the evidence is substantially the same.

2. **Appeal and error ⊚⊃1099(3)—Evidence held substantially different, and former decision not the law of the case.**

In action by one bank against another, involving question whether transaction constituted loan to defendant or to third party, evidence on second trial *held* substantially different from that on first trial, so that former decision that plaintiff made loan to defendant was not the law of the case.

3. **Appeal and error ⊚⊃997(3)—Questions reviewable, when both parties ask instructed verdict, stated.**

Where both parties at conclusion of the testimony ask instructed verdict, and do nothing more, this amounts to request to the court to find the facts, and appellate court can only determine whether there was substantial evidence to support trial court's finding, and whether there was any error in application of the law.

4. **Trial ⊚⊃177—Party requesting other instructions may insist on submission after denial of peremptory instruction.**

Party may request peremptory instruction and other instructions, and, upon court's refusal of the peremptory instruction, insist, when evidence is conflicting, or there is divergence of inferences proper to be drawn, on submission of the case and giving of other requested instructions.

5. **Appeal and error ⊚⊃883—Parties held to have requested court to find the facts, and estopped to insist that case should have been submitted.**

Though parties requested instructions other than peremptory instruction, where court stated that request for peremptory instruction by each party operated to submit the case to the court, and both parties assented, the other instructions were waived, and case submitted to the court for findings of fact and conclusions of law, and either party was estopped to insist that case should have been submitted on other instructions.

In Error to the District Court of the United States for the District of Wyoming; Robert E. Lewis, Judge.

Action by the Meyer & Chapman State Bank against the First National Bank of Cody. Judgment for defendant, and plaintiff brings error. Affirmed.

W. L. Walls, of Cheyenne, Wyo., and E. E. Enterline, of Casper, Wyo. (Herbert V. Lacey and John W. Lacey, both of Cheyenne, Wyo., on the brief), for plaintiff in error.

George E. Tralles, of Denver, Colo. (Henry McAllister, Jr., of Denver, Colo., on the brief), for defendant in error.

Before SANBORN and KENYON, Circuit Judges.

⊚⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KENYON, Circuit Judge. This is the second appearance here of this case. The former opinion is found in 248 Fed. 679, 160 C. C. A. 579, where a very complete statement of the facts as presented in that trial appears. To that we refer for a history of the transactions involved. As we proceed with this opinion there will be pointed out some of the differences in the records of the two trials.

[1] It is claimed by plaintiff in error that as the former opinion of this court held the $10,000 in controversy to be a loan from plaintiff in error to defendant in error, and that the evidence in the second trial was substantially the same as in the first, therefore it is the settled law of the case that defendant in error borrowed the $10,000 from plaintiff in error and has never repaid it. It is well-established doctrine in the federal courts that, upon a second writ of error or appeal, questions of law or fact determined upon the first trial cannot be reconsidered, provided the evidence was substantially the same upon both trials. Such decision, unless the evidence differs in material respects in the second hearing, becomes the law of the particular case. In this jurisdiction, see Thatcher v. Gottlieb, 59 Fed. 872, 8 C. C. A. 334; Balch et al. v. Haas, 73 Fed. 974, 20 C. C. A. 151; Board of Com'rs of Ouray County v. Geer, 108 Fed. 478, 47 C. C. A. 450; Guarantee Co. of North America v. Phenix Ins. Co., 124 Fed. 170, 59 C. C. A. 376; Denver & R. G. R. Co. v. Arrighi, 141 Fed. 67, 72 C. C. A. 400. This court in Thatcher v. Gottlieb, 59 Fed. 872, 873, 8 C. C. A. 334, 336, said:

"We are not disposed to recede from that position, nor could we do so, for the ruling formerly made has now become the law of the case, if the evidence on the first and last trials is substantially the same."

In Balch v. Haas, 73 Fed. 974, 20 C. C. A. 151, this court said:

"It is well-established doctrine, in the federal courts at least, that a second writ of error or a second appeal in the same case only brings up for review the proceedings of the trial court subsequent to the mandate, and that it does not authorize a reconsideration of any questions, either of law or fact, that were considered and determined on the first appeal or writ of error, provided the testimony on each trial was substantially the same."

Likewise in Town of Fletcher v. Hickman, 208 Fed. 118, 121, 125 C. C. A. 346, 349:

"The issues and the evidence at the second trial differ in no material respect from those at the first trial. A legal proposition, once considered and decided in a given cause by an appellate court, may not be again questioned in that court on a subsequent writ or appeal to review a subsequent trial of the same case on the same issues and evidence. Such propositions are res adjudicata between the parties to that suit and their privies, and constitute the law of the case."

In other jurisdictions, see Mathews v. Columbia Nat. Bank of Tacoma et al., 100 Fed. 393, 40 C. C. A. 444; Messinger v. Anderson, 171 Fed. 785, 96 C. C. A. 445; Roberts v. Cooper, 20 How. 467, 481, 15 L. Ed. 969; Thompson v. Maxwell Land Grant & R. Co., 168 U. S. 451, 18 Sup. Ct. 121, 42 L. Ed. 539; Wayne County v. Kennicott, 94 U. S. 498, 24 L. Ed. 260; Phelan v. City and County of San Francisco, 20 Cal. 39, 44.

In the former opinion this court expressed itself as follows:

"Upon the merits we think the evidence shows without substantial conflict that plaintiff loaned the defendant $10,000 for 30 days upon the security of the Holm note with its collateral. Defendant applied that money to its own use, and has never repaid it."

It may be conceded that, if the facts in the present record do not materially differ from those in the former hearing, the decision then made, whether right or wrong, is the law of this case. Let us see if such material difference exists in the evidence.

[2] In the former trial no evidence was introduced on the part of the defendant. In the present trial the defendant introduced the evidence of four witnesses, namely, Mr. W. T. Hogg, Mr. Adam Hogg, Mr. L. R. Ewart, and Mr. Charles J. Ohnhaus. Defendant's Exhibits Nos. 1 and 2, being pages from plaintiff's bills receivable register, were introduced in the present trial and not in the former. Exhibit No. 4, being the account of the Holm Transportation Company with the First National Bank of Cody, Wyo., likewise appears in the present record. In the former case only one item thereof, to wit, that of May 6th, showing a credit to the Holm Transportation Company of $10,000, was introduced. The entire exhibit, now being introduced, shows that the Holm Transportation Company checked out this money. That fact did not appear in the former case, and is a matter of consequence. The testimony of witness Chapman in the present case is more extended than in the former, and it could be urged to a jury or to a court under the present testimony that Mr. Chapman knew the application for the loan was from the Holm Transportation Company, and whatever legitimate inferences could be drawn therefrom would bear on the question of whether in fact the $10,000 was loaned to defendant in error or to the Holm Transportation Company. Exhibit No. 12 in the present case is new evidence, though not of any particular importance. A number of exhibits in the former hearing on the part of plaintiff in error were not introduced in this trial.

It is apparent from the decision of the trial court that he took into consideration, as important matters, testimony that was not in the first trial, namely, the conversation between Mr. Deegan and Mr. Chapman, as testified to by Mr. Hogg, wherein Mr. Deegan talked to Mr. Chapman concerning the transportation company borrowing $10,000 from him. Further, it appears by Defendant in Error's Exhibits Nos. 1 and 2 that the Meyer & Chapman State Bank, when it was agreed that it would furnish the money, placed a record of the Holm note in its discount record, and that the same was entered on the bills receivable register. Further, the evidence of Mr. Ewart bears on the question of no demand being made upon him for a payment of the alleged loan during the time he was president of the Cody Bank. Without specifying further, it is apparent that there was material difference in the evidence in the two trials on the vital point at issue, viz. whether or not plaintiff in error loaned the defendant in error $10,000, or whether the loan was made by plaintiff in error to the Holm Transportation Company. The decision, therefore, in the former trial, was not conclusive

upon the trial court or upon this court, and did not become the law of the present case.

The next question presented for our consideration is as to the instructed verdict, and as to that it will be well to refer to the situation as disclosed by the record. At the close of the testimony counsel for plaintiff in error and counsel for defendant in error both submitted requests for instructions. Plaintiff in error submitted requests for 7 instructions, but did not include in them a request for an instructed verdict. Defendant in error did submit a motion for directed verdict and requested 12 instructions, one of which was a peremptory instruction to find in favor of defendant. The court denied this requested instruction to find in favor of defendant, and the argument to the jury proceeded. The next day, upon the convening of court, plaintiff presented a request for a peremptory instruction to the jury to find in its favor, and the following took place. The court said:

"Before the argument to the jury was begun by counsel this morning, the plaintiff presented to the court a request for a peremptory instruction to the jury to find in its favor. The defendant has also presented a like request in its behalf, asking the court to direct the jury to return a verdict in its favor. Under the practice, as I understand it, gentlemen, these requests, made in behalf of both plaintiff and defendant, operate to submit the case to the judgment of the court as to which party is entitled to the verdict. *Is that the desire of counsel on both sides?*

"Mr Lacey: Yes, your honor; that is our understanding and wish.

"Mr. Tralles: Will your honor first permit me to consult with my client?

"The Court: All right.

Mr. Tralles (after consultation with client): Your honor, we will submit to that disposition of the case."

The court thereupon instructed the jury to return a verdict in favor of the defendant, and counsel for plaintiff excepted in the following language:

"Mr. Lacey: We take exceptions, your honor. We would like time for a bill of exceptions."

[3] It is the general holding of the federal courts that, where both parties to an action, at the conclusion of the testimony, ask for an instructed verdict, and do nothing more, it is a request to the court to find the facts, and the appellate court is "limited, in reviewing its action, to the consideration of the correctness of the finding on the law, and must affirm if there be any evidence in support thereof." Beuttell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566, 39 L. Ed. 654. See, also, Western Express Co. v. United States, 141 Fed. 28, 72 C. C. A. 516; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; Runkle v. Burnham, 153 U. S. 216, 14 Sup. Ct. 837, 38 L. Ed. 694; Williams, as Receiver of the First National Bank of Bayonne, N. J., v. Vreeland, 250 U. S. 295, 39 Sup. Ct. 438, 63 L. Ed. 989, 3 A. L. R. 1038; Sena v. American Turquoise Co., 220 U. S. 497, 31 Sup. Ct. 488, 55 L. Ed. 559; Anderson v. Messenger, 158 Fed. 250, 85 C. C. A. 468; Freeman v. W. B. Moses & Sons, Inc., 285 Fed. 898, 52 App. D. C. 164; Thomas-Bonner Co. v. Hooven, Owens & Rentscheler Co. (C. C. A.) 284 Fed. 386. Under such circumstances, the only questions open to the appellate court are: (a) Was there substantial evidence to support the findings? and (b) was there error in the application of the

law? Phenix Ins. Co. of Brooklyn, N. Y., v. Kerr, 129 Fed. 723, 64 C. C. A. 251, 66 L. R. A. 569; Insurance Co. of North America v. Wisconsin Cent. Ry. Co., 134 Fed. 794, 67 C. C. A. 300; McCormick v. National City Bank of Waco, 142 Fed. 132, 73 C. C. A. 350, 6 Ann. Cas. 544.

[4] A party may, however, request a peremptory instruction and also other instructions, and, upon refusal of the court to give the peremptory instruction, insist, where the evidence is conflicting, or there is a divergence of inference proper to be drawn, upon submission of the case to the jury, and the giving of any or all of the other requested instructions. Empire State Cattle Co. v. Atchison, Topeka & Santa Fé Railway Co., 210 U. S. 1, 28 Sup. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Minahan v. Grand Trunk Western Ry. Co., 138 Fed. 37, 70 C. C. A. 463; Union Electric Steel Co. v. Imperial Bank of Canada (C. C. A.) 286 Fed. 857.

[5] Had the parties here both requested the court to instruct a verdict in their favor and made no other requests, it is entirely clear that the only question for review as to the facts then would be whether there was substantial evidence to support the findings of the court. It will be noted, from the portion of the record which we have set out, that when the request was made by the plaintiff in error for a peremptory instruction the court stated that, as he understood it, a request having been made on behalf of both plaintiff in error and defendant in error, it operated to submit the case to the judgment of the court as to which party was entitled to the verdict, and asked if that was the *desire of counsel on both sides.* Counsel for plaintiff in error responded: "Yes; that is our understanding and *wish.*" Counsel for defendant in error, after consultation with his client, responded: "Your honor, we will submit to that disposition of the case." After the court indicated that he would instruct the jury to return a verdict in favor of the defendant in error, there was no insistence that the case be submitted, and that the requested instructions of plaintiff in error be given.

We are satisfied the answers to the inquiry of the court by counsel on both sides amounted to an agreement that the court should pass on the requested instruction of each side for a verdict, and such agreement constituted a waiver of the other instructions previously requested. The case stood then for the court's decision exactly as it would have presented itself, if both parties had moved for or requested an instructed verdict, and made no other requests for instructions. The plain common sense of the matter is that the parties practically united in a request to the court to make findings of fact and to state thereon his conclusions of law. Such was their intention. Having done this, either party would be estopped to now insist that the case should have been submitted on other instructions than the peremptory one requesting a verdict. If there was any other intention, it is too late to now assert it. Under these circumstances the finding of the court upon the facts is the same as the verdict of a jury, and, there being substantial evidence in its support, this court cannot interfere therewith. This case, with the controverted facts, circumstances, inferences to be drawn, and close questions of fact, was peculiarly one for a jury. As the par-

ties, however, by the requested instructions for a peremptory verdict and the agreement that the court should decide which party was entitled thereto, substituted the court for the jury, neither side is in position to complain, upon review, of the court's findings as to the facts, for there was substantial evidence to support a finding either way under this record.

The judgment is affirmed.